MATTHEW RODRIQUEZ
Acting Attorney General of California
MARK T. CUMBA
Supervising Deputy Attorney General
DONNA M. DEAN
Deputy Attorney General
State Bar No. 187104
IVETA OVSEPYAN
Deputy Attorney General
State Bar No. 279218
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6509
  Fax:  (916) 731-2120
  E-mail:  Donna.Dean@doj.ca.gov
*Attorneys for Defendants*
*State of California and Joseph Morrison*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **COLE WILKINS AND WILLOW JONES,**<br><br>                                      Plaintiffs,<br><br>     **v.**<br><br>**STATE OF CALIFORNIA; COUNTY OF ORANGE; MICHAEL MURRAY; LARRY YELLIN; WESLEY VANDIVER; JOSEPH MORRISON and DOES 1-10,**<br><br>                                      Defendants. | 8:20-cv-2417 JLS (DFMx)<br><br>**DEFENDANTS STATE OF CALIFORNIA'S AND JOSEPH MORRISON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Date:          September 17, 2021<br>Time:          10:30 a.m.<br>Courtroom:   10A<br><br>Judge:         Hon. Josephine L. Staton<br><br>Trial Date:   Not set<br>Action Filed: December 23, 2020<br><br>[*Request for Judicial Notice filed concurrently herewith*] |

**TO THE COURT AND TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 17, 2021, at 10:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled Court, located at 411 W. Fourth St., Santa Ana, California, 92701, Defendants State of California and Joseph Morrison will, and hereby do, move this Court for an order dismissing plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants bring this motion on the following grounds:

(1)     Plaintiff's federal claims are barred by the statute of limitations.

(2)     Plaintiffs' state law claims are barred due to plaintiffs' failure to timely comply with the Government Claims Act.

(3)     Plaintiff's claims for fabrication of evidence and conspiracy to fabricate evidence fail to state facts sufficient to allege a plausible claim for relief against Defendant Morrison, and Defendant Morrison is entitled to qualified immunity because he did not violate clearly established law.

(4)     Plaintiff's claims for a *Brady* violation and conspiracy to commit a *Brady* violation fail to state facts sufficient to allege a plausible claim for relief against Defendant Morrison, and Defendant Morrison is entitled to qualified immunity because he did not violate clearly established law.

(5)      Plaintiff's federal claim for malicious prosecution fails to state facts sufficient to allege a plausible claim for relief against Defendant Morrison, and Defendant Morrison is entitled to qualified immunity because he did not violate clearly established law.

(6)     Plaintiffs' state law claims are barred by California Government Code section 821.6.

This motion is made following the conference of counsel pursuant to Central District of California Local Rule 7-3 which took place on April 9, 2021.

1         This motion is based on this Notice of Motion and Motion, the attached

2    Memorandum of Points and Authorities, the concurrently filed Request for Judicial

3    Notice, the file and all pleadings in this matter, any oral argument, any matters upon

4    which judicial notice may be taken, and any and all other matters this court deems

5    just and necessary.

6

7    Dated:  April 15, 2021                            Respectfully submitted,

8                                            MATTHEW RODRIQUEZ

                                        Acting Attorney General of California

9                                            MARK T. CUMBA

                                        Supervising Deputy Attorney General

10                                           IVETA OVSEPYAN

                                        Supervising Deputy Attorney General

11

12

13                                           s/Donna M. Dean

14                                           DONNA M. DEAN

                                        Deputy Attorney General

15                                           *Attorneys for Defendants*

16                                           *State of California and Joseph*

                                        *Morrison*

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

INTRODUCTION ................................................................................................ 1

SUMMARY OF THE ALLEGATIONS IN THE COMPLAINT ........................... 3

ARGUMENT ...................................................................................................... 6

   I.    Plaintiff Wilkins' Federal Claims Are Barred by the Statute of Limitations ................................................................................. 6

   II.   Plaintiffs' State Law Claims Are Barred Based on Plaintiffs' Failure to Timely Comply With the Government Claims Act ............. 8

   III.   Plaintiff Wilkins' Federal Claims Fail to State Cognizable Claims for Relief ................................................................. 10

       A.   Plaintiff Does Not Allege a Cognizable Claim for Fabrication of Evidence or Conspiracy Based on Fabrication of Evidence ................................................. 10

       B.   Sergeant Morrison Is Entitled to Qualified Immunity With Respect to Plaintiff's Fabrication of Evidence Claim Because He Did Not Violate Clearly Established Law ........... 12

       C.   Plaintiff Wilkins Does Not Allege a Cognizable *Brady* Claim or a Cognizable Conspiracy Claim Based on *Brady* Violations ................................................................. 13

       D.   Sergeant Morrison Is Entitled to Qualified Immunity With Respect to Plaintiff's *Brady* Claim Because He Did Not Violate Clearly Established Law ............................................. 14

       E.   Plaintiff Wilkins Does Not Allege a Cognizable Malicious Prosecution Claim ................................................. 15

       F.   Sergeant Morrison Is Entitled to Qualified Immunity With Respect to Plaintiff's Malicious Prosecution Claim Because He Did Not Violate Clearly Established Law ........... 16

   IV.   Plaintiffs' State Law Claims Are Barred by California Government Code Section 821.6 ....................................................... 17

CONCLUSION ................................................................................................ 19

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Am. Title Ins. Co. v. Lacelaw Corp.*
861 F.2d 224 (9th Cir. 1988) .................................................................. 11

*Anderson v. Creighton*
483 U.S. 635 (1987) ...................................................................... 12, 13

*Anson v. County of Merced*
202 Cal. App. 3d 1195 (1988) ................................................................. 9

*Asgari v. City of Los Angeles*
15 Cal. 4th 744 (1997) .................................................................... 17

*Ashcroft v. al-Kidd*
563 U.S. 731 (2011) ...................................................................... 13

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ...................................................................... 12

*Awabdy v. City of Adelanto*
368 F.3d 1062 (9th Cir. 2004) ............................................................. 15

*Baughman v. State of California*
38 Cal. App. 4th 182 (1995) ................................................................ 18

*Beck v. City of Upland*
527 F.3d 853 (9th Cir. 2008) .............................................................. 16

*Brady v. Maryland*
373 U.S. 83 (1963) ................................................................. *passim*

*Caldwell v. City and County of San Francisco*
889 F.3d 1105 (2018) ..................................................................... 11

*Cantanella v. Van De Kamp*
486 F.3d 1128 (9th Cir. 2007) .............................................................. 6

ii

**TABLE OF AUTHORITIES**
(continued)

Page

*Cassettari v. Nevada County*
    824 F.2d 735 (9th Cir. 1987) .................................................................. 8

*City of Ontario v. Superior Court*
    12 Cal. App. 4th 894 (1993) ................................................................... 8

*Collins v. City & Cty. of San Francisco*
    50 Cal. App. 3d 671 (1975) .................................................................. 17

*County of Los Angeles v. Superior Court*
    181 Cal. App. 4th 218 (2009) ............................................................... 18

*Devereaux v. Abbey*
    263 F.3d 1070 (9th Cir. 2001) ...................................................... 10, 11

*Elder v. Halloway*
    510 U.S. 510 (1994) ............................................................................. 12

*Ellis v. City of San Diego*
    176 F.3d 1183 (9th Cir. 1999) ............................................................. 10

*Garber v. City of Clovis*
    698 F. Supp. 2d 1204 (E.D. Cal. 2010) ................................................. 9

*Gillan v. City of San Marino*
    147 Cal. App. 4th 1033 (2007) ............................................................. 18

*Heck v. Humphrey*
    512 U.S. 477 (1994) ...................................................................... 2, 7, 8

*Hooper v. Shinn*
    985 F.3d 594 (9th Cir. 2021) ............................................................... 13

*Hope v. Pelzer*
    536 U.S. 730 (2002) ............................................................................. 12

*Hunter v. Bryant*
    502 U.S. 224 (1991) ............................................................................. 12

*Jackson v. Barnes*
    749 F.3d 755 (9th Cir. 2014) ................................................................. 7

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Javor v. Taggart*
    98 Cal. App. 4th 795 (2002) ................................................................. 18

*Jeffers v. Gomez*
    267 F.3d 895 (9th Cir. 2001) ................................................................. 12

*Jones v. Blanas*
    393 F.3d 918 (9th Cir. 2004) ................................................................... 6

*Lacey v. Maricopa Cty.*
    693 F.3d 896 (9th Cir. 2012) ........................................................... 15, 16

*McDonough v. Smith*
    139 S. Ct. 2149 (2019) ............................................................................. 6

*Mitchell v. Forsyth*
    472 U.S. 511 (1985) ............................................................................... 12

*Nhia Kao Vang v. Decker*
    607 Fed. Appx. 728 (9th Cir. 2015) ..................................................... 15

*Ortega v. O'Connor*
    764 F.2d 703 (9th Cir. 1985) ................................................................... 9

*Pearson v. Callahan*
    555 U.S. 223 (2009) ............................................................................... 12

*Peck v. Hinchey*
    655 Fed. Appx. 534 (9th Cir. 2016) ..................................................... 10

*People v. Wilkins*
    56 Cal. 4th 333 (2013) ............................................................................. 8

*Poventud v. City of New York*
    750 F.3d 121 (2d Cir. 2014) (en banc) ................................................... 7

*Reese v. Cty. of Sacramento*
    888 F.3d 1030 (9th Cir. 2018) ............................................................... 18

*Reichle v. Howards*
    566 U.S. 658 (2012) .....................................................................string13

iv

**TABLE OF AUTHORITIES**
(continued)

Page

*Richardson-Tunnell v. School Ins. Program for Employees*
  157 Cal. App. 4th 1056 (2007) .................................................................17

*Rosales-Martinez v. Palmer*
  753 F.3d 890 (2014) ..................................................................................6

*San Diego Police Officers' Ass'n v. San Diego City Emp. Ret. Sys.*
  568 F.3d 725 (9th Cir. 2009) ..........................................................11, 14

*Sandoval v. Cty. of Sonoma*
  912 F.3d 509 (9th Cir. 2018) ...................................................................18

*Santee v. Santa Clara County Office of Educ.*
  220 Cal. App. 3d 702 (1990) .....................................................................9

*Shafer v. County of Santa Barbara*
  868 F.3d 1110 (9th Cir. 2017) .....................................................13, 14, 16

*State of California v. Superior Court*
  32 Cal. 4th 1234 (2004) .............................................................................8

*Strong v. State of California*
  201 Cal. App. 4th 1439 (2011) .................................................................18

*Sullivan v. County of Los Angeles*
  12 Cal. 3d 710 (1974) ..............................................................................17

*Tennison v. City and Cty. of San Francisco*
  570 F.3d 1078 (9th Cir. 2009) .............................................................13, 14

*Wallace v. Kato*
  549 U.S. 384 (2007) ...................................................................................6

*Wilson v. Layne*
  526 U.S. 603 (1999) ...........................................................................12, 13

**STATUTES**

14 U.S.C.
  § 1983 ..............................................................................................*passim*

v

# TABLE OF AUTHORITIES
## (continued)

**Page**

28 U.S.C.
§ 2254 ...................................................................................................... 7

California Code of Civil Procedure
§ 335.1 .................................................................................................... 6
§ 352.1 .................................................................................................. 10

California Government Code
§§ 810-996.6 ......................................................................................... 8
§ 905 ....................................................................................................... 8
§ 905.2 .................................................................................................... 8
§ 911.2 .......................................................................................... 8, 9, 10
§ 911.4 .................................................................................................... 9
§ 945.4 .................................................................................................... 8
§ 950.2 ................................................................................................. 8, 9
§ 821.6 ....................................................................................... 3, 17, 18
§ 945.3 ............................................................................................... 9, 10
§ 945.6 .................................................................................................... 9

California Penal Code
§ 187 ....................................................................................................... 4

**OTHER AUTHORITIES**

CALCRIM No. 3261 ................................................................................ 5

**INTRODUCTION**

Plaintiffs' complaint brings claims pursuant to 42 U.S.C. section 1983 (Section 1983) and state law arising out of the 2008 prosecution and conviction of Plaintiff Cole Wilkins on felony murder charges.  This case stems from a fatal accident that occurred on the 91 freeway after a stolen stove fell off Wilkins' truck and another driver swerved and crashed to avoid hitting the stove.  The California Supreme Court reversed the conviction in 2013 based on an issue related to the jury instructions for felony murder.  Plaintiff was retried and convicted of second degree murder in 2017, and the charge was later reduced to involuntary manslaughter by the Court of Appeal, which resulted in a reduced sentence.

Plaintiffs allege that Defendant California Highway Patrol (CHP) Sergeant Joseph Morrison altered traffic reports prepared by other officers to change the primary collision factor (PCF) from the other drivers who swerved to avoid the stove to "other than driver" which implicated Wilkins as the primary cause of the accidents.  Plaintiffs assert federal claims against Sergeant Morrison based on fabrication of evidence, a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and malicious prosecution, as well as a variety of state law claims against Sergeant Morrison and Defendant State of California arising from the same alleged actions.

Plaintiffs expressly admit, however, that a CHP Chief told the prosecutor about the changed traffic reports, but the prosecutor chose to proceed with the felony murder charge anyway and did not disclose the existence of the altered traffic reports to defense counsel in the criminal case.  Complaint, ¶¶ 36, 41. Plaintiffs also admit that they knew about the altered traffic reports no later than July 2015 when Wilkins filed a motion to recuse the Orange County District Attorney's office (OCDA) from the case based on the failure to disclose the altered traffic reports.  *Id*. at ¶ 41.

//

//

Plaintiffs' claims fail as a matter of law for the following reasons:

(1)    Plaintiff's federal claims are barred by the statute of limitations because plaintiff's causes of action accrued no later than July 2015 when any alleged injuries resulting from the altered traffic reports were discovered by plaintiff at a time when plaintiff's felony murder conviction had already been reversed.  Thus, plaintiff's claims would not have been barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

(2)    Plaintiffs' state law claims are barred due to plaintiffs' failure to timely comply with the Government Claims Act.  Plaintiffs' claims accrued in July 2015 and were not subject to any tolling provisions; thus, plaintiffs' untimely claims filed in 2020 preclude all of their state law causes of action.

(3)    Plaintiff's claims for fabrication of evidence and conspiracy to fabricate evidence fail to state facts sufficient to allege a plausible claim for relief against Sergeant Morrison because plaintiff expressly admits that a CHP Chief advised the prosecutor of the altered traffic reports but the prosecutor proceeded anyway; therefore, Sergeant Morrison was not the cause of plaintiff's alleged injury.  In addition, Sergeant Morrison is entitled to qualified immunity because he did not violate clearly established law.

(4)    Plaintiff's claims for a *Brad*y violation and conspiracy to commit a *Brady* violation fail to state facts sufficient to allege a plausible claim for relief against Sergeant Morrison because plaintiff expressly admits that information regarding the altered traffic reports was provided to the prosecutor by a CHP Chief, thus fulfilling the duty of police officers and investigators to disclose exculpatory information to the prosecutor.  In addition, Sergeant Morrison is entitled to qualified immunity because he did not violate clearly established law.

(5)    Plaintiff's federal claim for malicious prosecution fails to state facts sufficient to allege a plausible claim for relief against Sergeant Morrison because there was no favorable termination in his favor suggesting his innocence and there

is no causation given the prosecutor's independent decision to prosecute plaintiff for felony murder.  Also, given that plaintiff has not stated a plausible claim for a constitutional violation, his malicious prosecution claim fails.  In addition, Sergeant Morrison is entitled to qualified immunity because he did not violate clearly established law.

(6)     Plaintiffs' state law claims are barred by California Government Code section 821.6 (Section 821.6), which immunizes state employees from liability for malicious prosecution.  Although plaintiffs dressed up their state law claims under different theories of liability, the state law claims all seek damages resulting from the alleged wrongful institution and maintenance of legal process against Wilkins. As such, they are barred pursuant to Section 821.6.

Accordingly, defendants request that this Court dismiss plaintiffs' complaint with prejudice and without leave to amend.

## SUMMARY OF THE ALLEGATIONS IN THE COMPLAINT

During the early morning hours of July 7, 2006, plaintiff Cole Wilkins stole several kitchen appliances from a location in Riverside County.  Complaint, ¶ 24. Wilkins then loaded the stolen appliances on the back of his truck and drove approximately 60 miles, when, at around 5:00 a.m., a boxed stove he had failed to properly secure fell from the back of his truck onto the 91 freeway in Anaheim.  *Id*. At the time the stove fell, Wilkins was traveling approximately 55 to 60 miles per hour in the number two lane.  *Id*.

In an attempt to avoid colliding with the stove, D. Piquette, a former Riverside County sheriff's deputy, swerved sharply to the right, causing his vehicle to veer across the freeway and collide with a cement truck, which flipped over and crushed Piquette to death ("the fatal collision").  Complaint, ¶ 26.  In addition to the fatal collision, three other collisions took place as a result of the stove on the freeway. *Id*.  Wilkins was unaware the stove had fallen off his truck until he was flagged down by another motorist whose vehicle had collided with the stove.  *Id*. at ¶ 25.

1        Shortly after the collisions occurred, CHP officers prepared traffic reports

2  relating to each of the four collisions, identifying the primary collision factor (PCF)

3  of each.  Complaint, ¶ 27.  The original CHP report pertaining to the fatal collision

4  identified Piquette's driving as the PCF of the fatal collision.  *Id*.  The original CHP

5  report pertaining to the second collision, involving motorist R. Howard, was written

6  by CHP officer Heckenkemper and identified the PCF as motorist Howard driving

7  too fast for road conditions.  *Id*. at ¶ 28.  Heckenkemper submitted his report to the

8  CHP Accident Investigation Unit, where a reviewing officer signed off on it.  *Id*.

9        After the report was finalized and approved, Sergeant Morrison changed

10  Heckenkemper's report and told Keckenkemper that he had destroyed his report

11  and changed the PCF to "other than driver" because Wilkins was being charged

12  with felony murder and law enforcement wanted the PCFs in the three collisions to

13  be consistent.  Complaint, ¶ 28.  Heckenkemper did not approve or agree with the

14  changes to his report and voiced his disagreement to Defendant Vandiver,[1] who

15  responded to Heckenkemper that he did not want to hear about it.  *Id*.  Sergeant

16  Morrison also altered the traffic report regarding the fatal collision to reverse the

17  conclusion that Piquette's driving was the PCF, and shredded the original CHP

18  reports.  *Id*.  at ¶ 29.

19        On July 13, 2006, the prosecution filed a complaint against Wilkins alleging a

20  violation of California Penal Code section 187, first degree murder under the

21  felony-murder rule.  Complaint, ¶ 31.  While the trial was in progress in 2008,

22  former CHP Chief Steven Beeuwsaert told Defendant Michael Murray, a prosecutor

23  with the OCDA, about the changed reports, but Murray told Beeuwsaert that it did

24  not matter because Wilkins was a fleeing felon, and Murray intended to pursue a

25  conviction against Wilkins under the felony-murder rule.  *Id*.  at ¶ 36.  Plaintiff

26  alleges he did not learn about the initial CHP reports until after his first trial

27        [1] Paragraph 28 of the complaint erroneously refers to Vandiver as a CHP

28  investigator.  Paragraph 9 of the complaint identifies Vandiver as an investigator for the OCDA.

1    conviction.  *Id*. at ¶ 29.

2         On May 5, 2008, a jury convicted Wilkins of first-degree murder under the

3    felony-murder rule under the theory that the fatal collision occurred during the

4    commission of a burglary.  Complaint, ¶ 37.  Wilkins was sentenced to 26 years to

5    life in prison.  *Id*.

6         Wilkins appealed his conviction, arguing that the trial court erred when it

7    refused to instruct the jury pursuant to CALCRIM No. 3261, which states that, for

8    the purposes of felony murder, the felony continues only until the perpetrator has

9    reached a place of temporary safety (if he has successfully escaped from the scene,

10   is no longer being chased, and has unchallenged possession of the property, known

11   as the "escape rule").  Complaint, ¶¶ 34, 38.  On January 7, 2011, the California

12   Court of Appeal affirmed the trial court's ruling.  *Id*. at ¶ 38.

13        On March 7, 2013, the California Supreme Court reversed the opinion of the

14   Court of Appeal, remanding the case for further proceedings consistent with its

15   opinion that the failure to instruct the jury on the escape rule was not harmless error

16   because Wilkins was at least 60 miles from the scene of the burglary when the stove

17   fell off his truck.  Complaint, ¶ 40.

18        Prior to the retrial, Wilkins discovered that CHP officers had altered and

19   destroyed their original traffic collision reports, and, on July 10, 2015, filed a

20   motion to recuse the OCDA, alleging outrageous government conduct.  Complaint,

21   ¶ 41.  In January 2017, after an evidentiary hearing, the trial court found that

22   prosecutor Murray committed serious misconduct by not disclosing the fact that the

23   traffic reports had been altered and recused Murray and Defendant Larry Yellin as

24   prosecutors on the case.  *Id*.; Request for Judicial Notice (RJN), Ex. 1.  In May

25   2017, the trial court excluded felony murder as a sanction for "serious discovery

26   violations."  *Id*. at ¶¶ 41 and 42; RJN, Ex. 2.

27   //

28   //

After a retrial in August 2017, a jury found Wilkins guilty of second degree murder under an implied malice theory.  Complaint, ¶ 43.  On October 27, 2017, Wilkins' sentence was reduced from 26 years to life in prison to 16 years to life in prison.  *Id.*  Wilkins again appealed the jury's verdict.  *Id.*

On January 7, 2020, the Fourth District Court of Appeal ruled that the jurors at the retrial did not have enough evidence to support a second-degree murder conviction because there was no evidence that Wilkins was speeding or otherwise driving dangerously.  Complaint, ¶ 44.  The Court of Appeal modified the conviction to involuntary manslaughter, which carries a maximum sentence of four years.  *Id.*  On March 10, 2020, Wilkins was resentenced to four years in prison for the involuntary manslaughter conviction.  *Id.* at ¶ 45.  By that time, Wilkins had served approximately thirteen years in prison.  *Id.*

The instant action was filed on December 23, 2020.  Dkt. 1.

## ARGUMENT

### I.   PLAINTIFF WILKINS' FEDERAL CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

The statute of limitations that a state provides for "personal-injury torts" applies to claims under Section 1983.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Under California law, the statute of limitations applicable to personal injury torts is two years.  Cal. Civ. Proc. Code § 335.1; *see also Cantanella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

While state law governs the length of the applicable limitations period, federal law governs the accrual of a Section 1983 claim.  *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019).  Claims based on fabrication of evidence and malicious prosecution accrue, and the statute of limitations begins to run, when the criminal proceeding has ended in the defendant's favor.  *Id.* at 2154-2155.  The same is true for malicious prosecution and *Brady* claims.  *Id.*; *Rosales-Martinez v. Palmer*, 753

6

1    F.3d 890, 895-896 (2014).  These cases are rooted in the *Heck* rule.  Pursuant to

2    *Heck*, a cause of action is barred if it challenges the validity of plaintiff's

3    conviction, and, therefore, the statute of limitations is tolled until "the conviction or

4    sentence has been reversed on direct appeal, expunged by executive order, declared

5    invalid by a state tribunal authorized to make such determination, or called into

6    question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §

7    2254."  *Heck*, 512 U.S. at 486-487.  Thus, the question becomes when did plaintiff

8    Wilkins' federal claims accrue – or, in other words, when did he obtain a

9    disposition that lifted the *Heck* bar from his Section 1983 claims?

10          Under the Ninth Circuit's decision in *Jackson v. Barnes*, 749 F.3d 755 (9th

11   Cir. 2014), the *Heck* rule would not have posed a bar to Wilkins' federal claims in

12   2015 because his conviction for felony murder had been reversed in 2013.  *Id.* at

13   760; Complaint at ¶ 40.  Accordingly, Wilkins' federal claims accrued in July 2015.

14   In *Jackson*, the plaintiff had been "convicted at his first trial in which the

15   prosecution relied on evidence obtained in violation of his *Miranda* rights, and after

16   the conviction was reversed he was again convicted, this time without the use of the

17   illegally obtained evidence.  The plaintiff then sued for the violation of his *Miranda*

18   rights at the first trial."  *Jackson*, 749 F.3d at 758.  The Ninth Circuit rejected the

19   argument that *Heck* barred the claim.  Because "the second conviction was

20   insulated from the inculpatory statements" that were the subject of the Section 1983

21   claim, the claim was not barred by *Heck*.  *Id.* at 760.  The Ninth Circuit determined

22   that a "judgment in Jackson's favor would—far from 'necessarily imply[ing]' the

23   invalidity of his second conviction—not have any bearing on it."  *Id.*; *see also*

24   *Poventud v. City of New York*, 750 F.3d 121, 124-25 (2d Cir. 2014) (en banc) (same

25   result with respect to *Brady* violation that was cured in the second trial).  The court

26   held that Jackson's cause of action accrued "when his initial conviction was

27   overturned."  *Jackson*, 749 F.3d at 761.

28   //

Similarly, in the present case, plaintiff's conviction in the first trial that was allegedly tainted due to fabrication of evidence and *Brady* violation was reversed in 2013.  Plaintiff knew or should have known of the alleged injury that is the basis of his federal claims by no later than July 10, 2015, when he filed a motion to recuse the OCDA after he "discovered that CHP officers had destroyed and altered their original traffic collision reports" and "[t]he prosecution failed to disclose this exculpatory evidence."  Complaint, ¶ 41.  Plaintiff's causes of action do not challenge the validity of his conviction in the first trial pursuant to *Heck* because that conviction was reversed in 2013 (*see People v. Wilkins*, 56 Cal. 4th 333 (2013)).  Complaint, ¶ 40. Thus, plaintiff's claims based on fabrication of evidence, a *Brady* violation, and malicious prosecution, would not have been subject to the *Heck* bar when he learned of his alleged injuries in July 2015.  Therefore, plaintiff's federal claims filed in December 2020 are time-barred.

Because plaintiff's civil rights claims are time-barred, his Section 1983 conspiracy claims are also time barred.  *See Cassettari v. Nevada County,* 824 F.2d 735, 739 (9th Cir. 1987).

## II.   PLAINTIFFS' STATE LAW CLAIMS ARE BARRED BASED ON PLAINTIFFS' FAILURE TO TIMELY COMPLY WITH THE GOVERNMENT CLAIMS ACT

Plaintiffs' state law claims are also time-barred.  As a condition precedent to suit against a public entity or public employee for money or damages, the Government Claims Act (Cal. Gov. Code §§ 810-996.6) requires the timely presentation of a written claim to the Government Claims Program.  Cal. Gov. Code §§ 905, 905.2, 945.4, 950.2; *City of Ontario v. Superior Court,* 12 Cal. App. 4th 894, 898 (1993).  Personal injury claimants must file a claim no later than six months after the accrual of the cause of action.  Cal. Gov. Code § 911.2.  Under California Government Code sections 911.2 and 945.4, "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."  *State of California v. Superior Court*, 32 Cal. 4th 1234, 1239

(2004).  If an action against the public entity is barred by failure to file a timely claim, suit against a public employee for causing injury in the scope of his or her employment is also barred.  Cal. Gov. Code § 950.2.  The Ninth Circuit has recognized that "failure to comply with state-imposed procedural conditions to sue the state bars the maintenance of a cause of action based upon these pendent state claims."  *Ortega v. O'Connor*, 764 F.2d 703, 707 (9th Cir. 1985), rev'd on other grounds, 480 U.S. 709 (1987); *see also Garber v. City of Clovis*, 698 F. Supp. 2d 1204, 1211 (E.D. Cal. 2010) (stating that "a plaintiff's pendent state law claims against the state or state employees are barred unless the plaintiff has complied with the [California Tort Claims Act] before commencing the civil action").

Plaintiffs failed to timely comply with the Government Claims Act before bringing suit.  Although plaintiffs allege in the complaint that they filed government claims on July 6, 2017 (Complaint, ¶ 22), plaintiffs did not actually file their claims until July 6, 2020.  RJN, Ex. 3.  Plaintiffs knew about the facts giving rise to their claims no later than July 2015, when Wilkins filed a motion to recuse the OCDA in his criminal case after he "discovered that CHP officers had destroyed and altered their original traffic collision reports" and "[t]he prosecution failed to disclose this exculpatory evidence."  Complaint, ¶ 41.  Plaintiff had six months thereafter to file a claim (Cal. Gov. Code § 911.2) and one year thereafter, or July 10, 2016, to seek relief to file a late claim.  Cal. Gov. Code § 911.4.  There is no discretion to grant applications for an extension of time to file a late claim more than one year after the accrual of the injury.  See Cal. Gov. Code § 911.4; *Santee v. Santa Clara County Office of Educ.*, 220 Cal. App. 3d 702, 713 (1990).[2]

---

[2] Even if plaintiffs' claims were presented in 2017 as alleged, plaintiffs failed to comply with the Government Claims Act because the action was not filed within the time required – the lawsuit must be filed within six months after delivery or mailing of the notice of rejection of the claim.  Cal. Gov. Code § 945.6(a)(1).  The six-month period provided for filing suit after notice of rejection of a claim supersedes other applicable statutes of limitations; therefore, a lawsuit more than six months after rejection is barred even if the statute of limitations on the claim has not yet run.  *Anson v. County of Merced*, 202 Cal. App. 3d 1195, 1202 (1988).

Plaintiffs' time in which to file their claims was not tolled due to Plaintiff
Wilkins' imprisonment. California Government Code section 945.3 (which
provides tolling in certain circumstances when a plaintiff is incarcerated while
charges are pending against him in superior court) provides:

> Nothing in this section shall prohibit the filing of a claim with the board
> of a public entity, and this section *shall not extend* the time within which
> a claim is required to be presented pursuant to Section 911.2.

Cal. Gov. Code § 945.3 (emphasis added). Similarly, the claims presentation
requirement is not tolled by Code of Civil Procedure section 352.1 (which provides
tolling of the statute of limitations based on imprisonment). Cal. Civ. Proc. Code §
352.1(b); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999).
Plaintiffs' claims filed in July 2020 are untimely, and the time to file an application
for leave to file a late claim has expired; therefore, plaintiffs' state law claims must
be dismissed for lack of jurisdiction.

## III. PLAINTIFF WILKINS' FEDERAL CLAIMS FAIL TO STATE COGNIZABLE CLAIMS FOR RELIEF

### A. Plaintiff Does Not Allege a Cognizable Claim for Fabrication of Evidence or Conspiracy Based on Fabrication of Evidence

Under *Devereaux*, a plaintiff can bring a cause of action under Section 1983
where government defendants (1) deliberately fabricated evidence that was used to
criminally charge, prosecute and/or convict the plaintiff; (2) continued their
investigation of the plaintiff despite the fact that they knew or should have known
that he was innocent; or (3) used investigative techniques that were so coercive and
abusive that they knew or should have known that those techniques would yield
false information. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001);
Model Civ. Jury Instr. 9th Cir. 9.33 (2021). Here, plaintiff alleges that defendants
deliberately fabricated evidence by changing traffic reports.

A *Devereaux* claim, however, requires a plaintiff to show that they were
"'subjected to criminal charges' based on fabricated evidence [...]" *Peck v.*

1  *Hinchey*, 655 Fed. Appx. 534, 537 (9th Cir. 2016) (quoting *Devereaux*, 263 F.3d at

2  1074-1075).  The fabricated evidence must be the "cause in fact and proximate

3  cause of [the plaintiff's] injury."  *Caldwell v. City and County of San Francisco*,

4  889 F.3d 1105, 1115 (2018).  "Like in any proximate cause analysis, an intervening

5  event may break the chain of causation between the allegedly wrongful act and the

6  plaintiff's injury." *Id.*

7         Plaintiff's complaint fails to show that plaintiff was subjected to charges

8  based on fabricated evidence.  Paragraph 36 of the complaint states:

9         While the first trial was in progress, former CHP Chief Steven

10        Beeuwsaert told MURRAY about the changed traffic reports. MURRAY

11        told Chief Beeuwsaert that it did not matter because WILKINS was a

12        fleeing felon, and MURRAY intended to pursue a conviction against

13        WILKINS under the felony-murder rule.

14 Complaint, ¶ 36.  Therefore, the actions of Defendant Morrison alleged in

15 paragraph 49 did not *cause* the prosecution to subject plaintiff to criminal charges,

16 as there was an intervening event in the form of Murray's decision to pursue

17 charges under the felony-murder rule despite what he learned from Chief

18 Beeuwsaert.  Given this judicial admission, plaintiff cannot state a claim for

19 fabrication of evidence.  *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226

20 (9th Cir. 1988) ("Judicial admissions are formal admissions in the pleadings which

21 have the effect of withdrawing a fact from issue and dispensing wholly with the

22 need for proof of the fact." [citation omitted]; judicial admissions are "conclusively

23 binding on the party who made them.").

24         Additionally, plaintiff cannot state a claim for conspiracy to interfere with

25 civil rights by fabricating evidence because, as explained above, plaintiff cannot

26 state a claim for fabrication of evidence in the first place.  *See San Diego Police*

27 *Officers' Ass'n v. San Diego City Emp. Ret. Sys.*, 568 F.3d 725, 740 (9th Cir. 2009)

28 (noting that "the absence of any actionable constitutional violation negates by

definition the existence of a conspiracy to violate constitutional rights").

**B.   Sergeant Morrison Is Entitled to Qualified Immunity With Respect to Plaintiff's Fabrication of Evidence Claim Because He Did Not Violate Clearly Established Law**

Sergeant Morrison did not violate any "clearly established" law; therefore, plaintiff's claim based on fabrication of evidence should be dismissed.  Qualified immunity shields government officials from liability unless their actions "violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Qualified immunity is an issue of law for the court to determine.  *Elder v. Halloway*, 510 U.S. 510, 516 (1994); *Mitchell v. Forsyth,* 472 U.S. 511, 528 (1985).  The United States Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation" because qualified immunity is an immunity from suit, not just a mere defense to liability.  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009).  Accordingly, courts are not to defer ruling on qualified immunity to force defendants to win at trial on the merits.  *Jeffers v. Gomez*, 267 F.3d 895, 906-907 (9th Cir. 2001), *overruled on other grounds by U.S. v. King*, 687 F.3d 1189 (9th Cir.2012).

Defeating a claim of qualified immunity requires a plaintiff to prove that "the right at issue was 'clearly established' at the time of defendant's alleged misconduct."  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  To determine whether a right was "clearly established," a court must first define the right at the appropriate level of specificity. Framed at the broadest level – e.g., the right to be free from unreasonable searches and seizures – any constitutional right would be clearly established, and thus no official would be entitled to qualified immunity. *See Wilson v. Layne*, 526 U.S. 603, 615 (1999); *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).  Accordingly, a right must be established "in a 'particularized'

1   sense so that the 'contours' of the right are clear to a reasonable official." *Reichle*

2   *v. Howards*, 566 U.S. 658, 665 (2012) (quoting *Anderson*, 483 U.S. at 640).  For

3   that to be true, "existing precedent must have placed the statutory or constitutional

4   question beyond debate." *Reichle*, 566 U.S. at 664 *Id*. (citation omitted).  This

5   requires either "controlling authority" or "a robust 'consensus of cases of

6   persuasive authority'" establishing that the official's conduct was unconstitutional.

7   *Ashcroft v. al-Kidd*, 563 U.S. 731, 741-742 (2011) (quoting *Wilson*, 526 U.S. at

8   617).  Although the authority need not be "directly on point," it must be sufficiently

9   similar to place the relevant constitutional question "beyond debate." *Id*. at 741.

10      It is plaintiff's burden to show that the rights allegedly violated by Sergeant

11   Morrison were clearly established in 2008 when the first trial took place.  *See*

12   *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017).  Plaintiff

13   has made a judicial admission that former CHP Chief Beeuwsaert told Murray

14   about the changed traffic collision reports while the first trial was in progress and

15   that Murray chose to go forward with the felony murder charge and to not disclose

16   the information to defense counsel.  Complaint, ¶ 36.  Accordingly, plaintiff must

17   cite a case clearly establishing that an officer can be held liable for fabrication of

18   evidence in similar circumstances despite the independent decision of a prosecutor

19   to withhold exculpatory evidence.  Plaintiff is unable to meet this burden.

20   **C.   Plaintiff Wilkins Does Not Allege a Cognizable *Brady* Claim or a**
21   **Cognizable Conspiracy Claim Based on *Brady* Violations**

22      Under *Brady*, a plaintiff can bring a claim for a due process violation where

23   "(1) the evidence is favorable to the accused, (2) the prosecution suppressed the

24   evidence, and (3) the evidence is 'material.'" *Hooper v. Shinn*, 985 F.3d 594, 616

25   (9th Cir. 2021) (quoting *Brady*, 373 U.S. at 87).  *Brady* also imposes a duty on

26   police officers and investigators to "disclose exculpatory information to the

27   prosecutor." *Tennison v. City and Cty. of San Francisco*, 570 F.3d 1078, 1090 (9th

28   Cir. 2009).  "[A] § 1983 plaintiff must show that police officers acted with

1    deliberate indifference to or reckless disregard for an accused's rights or for the

2    truth in withholding evidence from prosecutors." *Id*. at 1089. The reckless

3    indifference standard is applicable to *Brady* claims "because the decision whether

4    to disclose or withhold exculpatory evidence is a situation in which 'actual

5    deliberation is practical.'" *Id*. (quoting *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th

6    Cir. 2008)).

7         Plaintiff cannot state a claim for a *Brady* violation against Sergeant Morrison

8    because the information regarding the changes to the traffic reports were not

9    withheld from prosecutors.  As set forth above, paragraph 36 of the complaint

10   alleges that former CHP Chief Steven Beeuwsaert told Murray about the changed

11   traffic reports, but Murray chose to pursue a conviction against Wilkins under the

12   felony-murder rule anyway.  Chief Beeuwsaert fulfilled the duty of police officers

13   and investigators to "disclose exculpatory information to the prosecutor." *See*

14   *Tennison*, 570 F.3d at 1090. Thus, plaintiff's claim of a *Brady* violation should be

15   dismissed.

16        As stated above, plaintiff's failure to state a *Brady* claim prevents plaintiff

17   from stating a claim for "Conspiracy to Interfere with Civil Rights – Brady

18   Violations." *See San Diego Police Officers' Ass'n*, 568 F.3d at 740.

19        **D.   Sergeant Morrison Is Entitled to Qualified Immunity With
               Respect to Plaintiff's *Brady* Claim Because He Did Not Violate**
20             **Clearly Established Law**

21        Sergeant Morrison did not violate any clearly established law; therefore,

22   plaintiff's claim based on *Brady* violations should be dismissed.  It is plaintiff's

23   burden to show that the rights allegedly violated by Sergeant Morrison were clearly

24   established in 2008. *See Shafer*, 868 F.3d 1110, 1118 (9th Cir. 2017).  Given

25   plaintiff's judicial admission that former CHP Chief Beeuwsaert told Murray about

26   the changed traffic collision reports while the first trial was in progress (Complaint,

27   ¶ 36), plaintiff must cite a case with similar facts – e.g., a case in which an officer is

28   held liable for a *Brady* violation despite the fact that a superior officer fulfilled the

*Brady* obligation by disclosing *Brady* information to the prosecutors.  Plaintiff cannot meet this burden.

### E.   Plaintiff Wilkins Does Not Allege a Cognizable Malicious Prosecution Claim

Plaintiff fails to state a claim for malicious prosecution.  "To claim malicious prosecution, a [plaintiff] must allege 'that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right.'"  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 920 (9th Cir. 2012), quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).  Plaintiff's malicious prosecution claim is grounded in state law.  *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) ("We look to California law to determine the legal effect of the state court's action because we have incorporated the relevant elements of the common law tort of malicious prosecution into our analysis under § 1983.").

Under California law, "[a]n individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated *in such a manner as to indicate his innocence*."  *Id*. at 1068 (emphasis added).  Accordingly, "[t]he entire action must terminate in a plaintiff's favor in order for a plaintiff to maintain a claim for malicious prosecution."  *Nhia Kao Vang v. Decker*, 607 Fed. Appx. 728, 729 (9th Cir. 2015) (citing *Crowley v. Katleman*, 8 Cal. 4th 666 (1994)).  Plaintiff was ultimately convicted and sentenced based on the fatal collision that occurred after the stolen stove fell off his truck (Complaint, ¶¶ 43-45); therefore, plaintiff cannot meet the element of favorable termination of the entire action in such a manner as to indicate his innocence.

Moreover, plaintiff's admission of prosecutorial independence undermines his malicious prosecution claim.  *See*, 368 F.3d at 1067-1068.  A prosecutor's independent judgment to initiate or continue to pursue a criminal complaint "may break the chain of causation between the unconstitutional actions of other officials

1   and the harm suffered by a constitutional tort plaintiff." *Beck v. City of Upland*,

2   527 F.3d 853, 862 (9th Cir. 2008).  In other words, "the prosecutor's independent

3   decision can be a superseding or intervening cause of a constitutional tort plaintiff's

4   injury, precluding suit against the officials who made an arrest or procured a

5   prosecution." *Id.*  Plaintiff's admission that the prosecutor "intended to pursue a

6   conviction against WILKINS under the felony-murder rule" even after CHP Chief

7   Steven Beeuwsaert told him about the changed traffic reports (Complaint, ¶ 36),

8   contradicts – and therefore negates – his malicious prosecution claim.

9       Finally, given the deficiencies in plaintiff's fabrication of evidence and

10  *Brady* violation claims discussed above, plaintiff has not sufficiently alleged that

11  Sergeant Morrison acted with the intent to deny plaintiff his "equal protection or

12  another specific constitutional right."  *Lacey*, 693 F.3d at 920.  Accordingly,

13  plaintiff's Section 1983 malicious prosecution claim should be dismissed without

14  leave to amend.

15      **F.  Sergeant Morrison Is Entitled to Qualified Immunity With**
        **Respect to Plaintiff's Malicious Prosecution Claim Because He**
16      **Did Not Violate Clearly Established Law**

17      Sergeant Morrison did not violate any clearly established law; therefore,

18  plaintiff's malicious prosecution claim should be dismissed.  It is plaintiff's burden

19  to show that the rights allegedly violated by Sergeant Morrison were clearly

20  established in 2008.  *See Shafer*, 868 F.3d 1110, 1118 (9th Cir. 2017).  Given

21  plaintiff's judicial admission that former CHP Chief Steven Beeuwsaert told

22  Assistant District Attorney Murray about the changed traffic collision reports while

23  the first trial was in progress (Complaint, ¶ 36), plaintiff is unable to meet this

24  burden.

25  //

26  //

27  //

28  //

16

## IV. PLAINTIFFS' STATE LAW CLAIMS ARE BARRED BY CALIFORNIA GOVERNMENT CODE SECTION 821.6

A public employee is not liable for injury caused by his or her instituting or prosecuting any judicial or administrative proceeding within the scope of his or her employment, even if he or she acts maliciously or without probable cause. Cal. Gov. Code § 821.6. The California Supreme Court has defined malicious prosecution as "initiating or procuring the arrest and prosecution of another under lawful process but from malicious motives and without probable cause." *Sullivan v. County of Los Angeles*, 12 Cal. 3d 710, 720 (1974). The immunity under Section 821.6 specially applies even if the alleged acts occurred "maliciously and without probable cause." *Richardson-Tunnell v. School Ins. Program for Employees*, 157 Cal. App. 4th 1056, 1063 (2007). Moreover, the immunity under Section 821.6 applies to any "public employee," not just to prosecutors or similar individuals. *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 756-57 (1997). The California Supreme Court has specifically found that "[u]nder California law, a police officer is granted statutory immunity from liability for malicious prosecution[.]" *Id.* at 752; *see also Collins v. City & Cty. of San Francisco*, 50 Cal. App. 3d 671, 677-79 (1975) (finding officer immune from liability for improperly swearing a criminal complaint).

Plaintiff's false imprisonment claim fails to state a claim for relief because no claim lies for false imprisonment for damages attributable to a suspect's incarceration after he is arraigned. *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 758-760 (1997), as modified on denial of reh'g, (Mar. 17, 1997). Plaintiff's claim does not arise from a claim based on alleged detention without legal process; rather, plaintiff seeks damages resulting from the alleged wrongful institution and prosecution of criminal proceedings and is based on actions that occurred after his arraignment – i.e., the alleged fabrication of evidence and *Brady* violation. *Id*. Plaintiff does not – and cannot – assert that he would not have been arrested but for

the alleged fabrication of evidence and *Brady* violation or that his arrest and detention was without legal authority.  Therefore, plaintiff's false imprisonment claim should be dismissed.

Plaintiff Wilkins' negligence and intentional infliction of emotional distress claims, as well as the loss of consortium claims asserted by both plaintiffs, are also barred by Section 821.6.  Courts have found that when the gravamen of the alleged causes of action is the alleged malicious institution or prosecution of criminal proceedings against a plaintiff, the public employee's immunity under Section 821.6 cannot be avoided by simply alleging the same claim under a differently named cause of action.  *See, e.g., Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1048-1050 (2007); *Javor v. Taggart*, 98 Cal. App. 4th 795, 808-810 (2002); *Strong v. State of California,* 201 Cal. App. 4th 1439, 1461 (2011) (immunity protects a police officer from negligent conduct in conducting an investigation). Section 821.6 also extends to claims made by those who are not the actual targets of the investigation  . . . but who happen to be injured by decision an officer makes during the course of such investigation" (e.g., loss of consortium).  *Baughman v. State of California,* 38 Cal. App. 4th 182, 192 (1995).  In addition, plaintiff's claim for violation of the Bane Act is barred by Section 821.6.[3]  *County of Los Angeles v. Superior Court*, 181 Cal. App. 4th 218, 231 (2009).  Accordingly, plaintiffs' state law claims should be dismissed without leave to amend.

//

//

//

//

---

[3] Plaintiff's Bane Act also fails because plaintiff has not alleged a valid claim that Sergeant Morrison violated his constitutional rights and has not alleged sufficient facts to state a claim that Sergeant Morrison acted with a specific intent to violate his constitutional rights.  *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quoting *Cornell v. City and Cty. of San Francisco*, 17 Cal. App. 4th 766, 801-802 (2017)); *see also, Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 519-520 (9th Cir. 2018).

1

**CONCLUSION**

2        Plaintiffs' claims are time-barred and fail to state plausible claims for relief.

3   Accordingly, for the foregoing reasons, Defendants State of California and Joseph

4   Morrison respectfully request that the court grant their motion to dismiss plaintiffs'

5   complaint pursuant to Federal Rule of Civil Procedure section 12(b)(6) without

6   leave to amend.

7

8   Dated:  April 15, 2021                     Respectfully submitted,

9                                              MATTHEW RODRIQUEZ
                                               Acting Attorney General of California
10                                             MARK T. CUMBA
                                               Supervising Deputy Attorney General
11                                             IVETA OVSEPYAN
                                               Deputy Attorney General
12
                                               s/ Donna M. Dean
13
                                               DONNA M. DEAN
14                                             Deputy Attorney General
                                               *Attorneys for Defendants*
15                                             *State of California and Joseph*
                                               *Morrison*
16
    LA2021600937
17  Motion to Dismiss.docx.docx

18

19

20

21

22

23

24

25

26

27

28