**Michael L. Wroniak (State Bar No. 210347)**
**Rebecca J. Chmura (State Bar No. 319106)**
**COLLINS COLLINS MUIR + STEWART LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 825-4100 – FAX (714) 823-4101**
**Email: mwroniak@ccmslaw.com**
**Email: rchmura@ccmslaw.com**

Attorneys for Defendants
COUNTY OF ORANGE AND LARRY YELLIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLE WILKINS and WILLOW JONES,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; COUNTY OF ORANGE; MICHAEL MURRAY; LARRY YELLIN; WESLEY VANDIVER; JOSEPH MORRISON and DOES 1-10,<br><br>Defendants. | CASE NO. 8:20-cv-02417-JLS-DFM<br>*Judge Josephine L. Staton, Courtroom 10A*<br><br>**DEFENDANTS COUNTY OF ORANGE AND LARRY YELLIN'S NOTICE OF MOTION AND MOTION TO DISMISS PER F.R.C.P 12(b)(6) AND MOTION TO STRIKE COMPLAINT PER F.R.C.P. 12(f)(2)**<br><br>**Fed.R.Civ.Proc. 12(b)(6) and 12(f)(2)**<br><br>**DATE: September 17, 2021**<br>**TIME: 10:30 a.m.**<br>**COURTROOM: 10A**<br><br>**Complaint Filed: 12/23/2020**<br>**Trial Date: None Set.**<br><br>*[Meet and Confer pursuant to Local Rule 7-3 occurred on April 12, 2021]* |

*FILE # 22644*

**TO PLAINTIFFS COLE WILKINS AND WILLOW JONES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **September 17, 2021 at 10:30 a.m.** or as soon thereafter as the matter may be heard in Courtroom 10A of the above-captioned Court, located at the Ronald Reagan Federal Building and United States Courthouse at 411 W. Fourth Street, Santa Ana, CA 92701, 10th Floor, Defendants County of Orange ("County") and Larry Yellin ("Yellin") (collectively, "Defendants") will and hereby do move, individually and jointly, the Court for dismissal per Federal Rules of Civil Procedure Rule ("F.R.C.P.") 12(b)(6) on the grounds that the Complaint of Plaintiffs Cole Wilkins ("Wilkins") and Willow Jones ("Jones") (collectively, "Plaintiffs") fails to state a claim upon which relief can be granted, as follows:

1. Wilkins' First Claim for Deprivation of Civil Rights – Fabrication of Evidence (42 U.S.C. § 1983 and the 14th Amendment) fails to state a claim upon which relief can be granted against Yellin as he is immune from civil liability pursuant to absolute prosecutorial immunity.

2. Wilkins' Second Claim for Conspiracy to Interfere with Civil Rights – Fabrication of Evidence (42 U.S.C. § 1983) fails to state a claim upon which relief can be granted against Yellin as he is immune from civil liability pursuant to absolute prosecutorial immunity.

3. Wilkins' Third Claim for Deprivation of Civil Rights – *Brady* Violations (42 U.S.C. § 1983) fails to state a claim upon which relief can be granted against Yellin as he is immune from civil liability pursuant to absolute prosecutorial immunity.

4. Wilkins' Fourth Claim for Conspiracy to Interfere with Civil Rights – *Brady* Violations (42 U.S.C. § 1983) fails to state a claim upon which relief can be granted against Yellin as he is immune from civil liability pursuant to absolute prosecutorial immunity.

5. Wilkins' Fifth Claim for Malicious Prosecution (42 U.S.C. § 1983) fails to state a claim upon which relief can be granted against Yellin as he is immune from civil

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

liability pursuant to absolute prosecutorial immunity.

6. Wilkins' Sixth Claim for Municipal Liability – Ratification (42 U.S.C. § 1983) fails to state a claim upon which relief can be granted against the County as the County is not a policymaker and does not have final policymaking authority for prosecutors at issue in this action when it comes to *Brady*.

7. Wilkins' Seventh Claim for Municipal Liability – Failure to Train (42 U.S.C. § 1983) fails to state a claim upon which relief can be granted against the County as the County is not a policymaker and does not have final policymaking authority for prosecutors at issue in this action when it comes to *Brady*.

8. Wilkins' Eighth Claim for Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983) fails to state a claim upon which relief can be granted against the County as the County is not a policymaker and does not have final policymaking authority for prosecutors at issue in this action when it comes to *Brady*.

9. Wilkins' Ninth Claim for False Imprisonment fails to state a claim upon which relief can be granted against Defendants. Particularly, Yellin is immune under Cal. Gov. Code § 821.6 and the as to the County the claims fails as it is based on a common law theory which are barred against public entities and it is immune under Cal. Gov. Code § 815.2(a) when the employee is immune from liability.

10. Wilkins' Tenth Claim for Negligence fails to state a claim upon which relief can be granted against Defendants. Particularly, Yellin is immune under Cal. Gov. Code § 821.6 and the as to the County the claims fails as it is based on a common law theory which are barred against public entities and it is immune under Cal. Gov. Code § 815.2(a) when the employee is immune from liability.

11. Wilkins' Eleventh Claim for Intentional Infliction of Emotional Distress (Cal. Gov. Code § 829 and California Common Law) fails to state a claim upon which relief can be granted against Defendants. Particularly, Yellin is immune under Cal. Gov. Code § 821.6 and the as to the County the claims fails as it is based on a common law theory which are barred against public entities and it is immune under Cal. Gov. Code

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

§ 815.2(a) when the employee is immune from liability.

12. Plaintiffs' Twelfth Claim for Loss Consortium fails to state a claim upon which relief can be granted against Defendants. Particularly, Yellin is immune under Cal. Gov. Code § 821.6 and the as to the County the claims fails as it is based on a common law theory which are barred against public entities and it is immune under Cal. Gov. Code § 815.2(a) when the employee is immune from liability.

13. Wilkins' Thirteenth Claim for Violation of Bane Act (Cal. Civ. Code § 52.1) fails to state a claim upon which relief can be granted against Defendants. Particularly, Yellin is immune under Cal. Gov. Code § 821.6 and the as to the County and it is immune under Cal. Gov. Code § 815.2(a) when the employee is immune from liability. Moreover, Wilkins failed to allege appropriate facts to properly plead this claim.

Further, Yellin will and hereby does move the Court to strike per F.R.C.P. Rule 12(f)(2) Plaintiffs' prayer for punitive damages against Yellin because Plaintiffs fails to properly plead any cause of action against him that warrant such recovery, and fails to state facts supporting his request for punitive damages.

This motion is based upon this Notice of Motion, Motion and the accompanying Memorandum of Points and Authorities, the Declaration of Rebecca J. Chmura, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

///

///

///

///

///

///

///

///



COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

On April 12, 2021, Counsel for Defendants met and conferred with Plaintiffs' counsel pursuant to Local Rule 7-3 on the substance of this motion. The parties were unable to resolve their differences informally, and this motion follows.

DATED: April 19, 2021

COLLINS COLLINS MUIR + STEWART LLP

By: s/Rebecca J. Chmura
Michael L. Wroniak
Attorneys for Defendants COUNTY OF ORANGE AND LARRY YELLIN

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

# TABLE OF CONTENTS


**I. INTRODUCTION** .......... 11

**II. BRIEF STATEMENT OF FACTS** .......... 12

**III. PROCEDURAL HISTORY** .......... 14

**IV. AUTHORITY FOR A MOTION TO DISMISS** .......... 15

**V. ALL CLAIMS AGAINST YELLIN FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** .......... 16

**a. Wilkins' Federal Claims against Yellin based on 42 U.S.C. § 1983 Fail as a Matter of Law Because Yellin is Immune from Civil Liability based on Prosecutorial Immunity** .......... 16

**b. Yellin Is Immune from Liability for Plaintiffs' State Law Claims Pursuant to California Government Code § 821.6** .......... 19

**VI. ALL CLAIMS AGAINST THE COUNTY FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** .......... 20

**a. Wilkins' Federal Claims against the County based on 42 U.S.C. § 1983 Fail to State a Claim Because the County is Not the Policymaker and/or Trainer in Respect to *Brady* Obligations or Violations** .......... 20

**b. Plaintiffs' State Claims against the County Fail to State a Claim Because California Abolished Common Law Liability Against Public Entities** .......... 21

**VII. WILKIN'S CLAIM FOR VIOLATION OF THE BANE ACT AGAINST DEFENDANTS FAILS TO STATE A CLAIM** .......... 21

**VIII. ALL 42 U.S.C. 1983/VIOLATION OF *BRADY* CLAIMS FAIL TO STATE A CLAIM BECAUSE NO PREJUDICE HAS BEEN SHOWN** .......... 22

**IX. PLAINTIFFS' DEMAND FOR PUNITIVE DAMAGES AGAINST YELLIN SHOULD BE STRICKEN UNDER F.R.C.P. RULE 12(f)(2)** .......... 23


COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

**X. DEFENDANTS' MOTION SHOULD BE GRANTED IN ITS ENTIRETY WITHOUT LEAVE TO AMEND** ........................................................ 25

**XI. CONCLUSION** ........................................................................ 26

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*
(2009) 556 U.S. 662 ........ 15

*Balistreri v. Pacifica Police Dep't*
(9th Cir. 1998) 901 F.2d 696 ........ 15

*Becerra v. Cnty. of Santa Cruz*
(1998) 68 Cal.App.4th 1450 ........ 21

*Beck v. State Farm Mut. Auto Ins. Co.*
(1976) 54 Cal.App.3d 347 (1976) ........ 24

*Bell Atlantic Corp. v. Twombly*
(2007) 550 U.S. 544 ........ 15

*Bender v. County of Los Angeles*
(2013) 217 Cal.App.4th 968,981 ........ 22

(Bonin v. Calderon, (9th Cir. 1995) 59 F.3d 815, 845 ........ 25

*Brady v. Maryland*
(1963) 373 U.S. 83 ........ *passim*

*Brewer v. Second Baptist Church of Los Angeles*
(1948) 32 Cal.2d 791 ........ 24

*Broam v. Bogan*
(2003) 320 F.3d 1023 ........ 16

*Buckley v. Fitzsimmons*
(1993) 509 U.S. 259 ........ 17, 18

*Burns v. Reed*
(1991) 500 U.S. 478 ........ 16

*Cabesuela v. Browning-Ferris Industries*
(1998) 68 Cal.App.4th 101 ........ 22

*FILE # 22644*

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*California v. Neville Chem. Co.*
(C.D. Cal. 2002) 213 F. Supp. 2d 1142 *aff'd sub nom. California ex rel. California Dep't of Toxic Substances Control v. Neville Chem. Co.* (9th Cir. 2004) 358 F.3d 661 ........ 25

*Foman v. Davis*
(1962) 371 U.S. 178 ........ 25

*Godwin v. Loera*
(2021) ........ 23

*Goldstein v. City of Long Beach*
(2013) 715 F.3d 750 ........ 20

*Harmston v. Kirk*
(1989) 216 Cal.App.3d 1410 ........ 19

*Imbler v. Pachtman*
(1976) 424 U.S. 409 ........ 16

*Ingram v. Flippo*
(1999) 74 Cal.App.4th 1280 ........ 19

*Lopez v. Southern Cal. Rapid Transit Dist.*
(1985) 40 Cal. 3d 780 ........ 21

*Milstein v. Cooley*
(2001) 257 F.3d 1004 ........ 17

*Moss v. U.S. Secret Service*
(9th Cir. 2009) 572 F.3d 962 ........ 15

*Nozzi v. Housing Authority of City of Los Angeles*
(2015), 806 F.3d 1178 ........ 21

*Pitts v. County of Kern*
(1998) 17 Cal.4th 340 ........ 20

*Smith v. Superior Court,*
10 Cal. App. 4th 1033 (1992) ........ 24

*Spencer v. Peters*
(9th Cir. 2017), 857 F.3d 789 ........ 18

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

*Stickler v. Greene*
(1999) 527 U.S. 263 ........................................................................23

*Van de Kamp v. Goldstein*
(2009) 555 U.S. 335 ........................................................................16, 20

**Statutes**

42 U.S.C. §1983 ........................................................................*passim*

Bane Act (Cal. Civ. Code § 52.1)........................................ 14, 19, 21, 22

Cal. Civ. Code § 3295(a) ........................................................................24

Cal. Gov. Code § 810........................................................................21

Cal. Gov. Code § 829........................................................................14

California Government Code § 815.2(a) ..................................................21

California Government Code § 821.6.......................................................19

Government Code § 815.2(b)...................................................................21

**Other Authorities**

14th Amendment ........................................................................14

California Constitution........................................................................20

F.R.C.P. Rule 12(b)(6) ........................................................................15

F.R.C.P. Rule 12(f)(2)........................................................................24

Local Rule 7-3 ........................................................................15



COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Cole Wilkins ("Wilkins") and his wife, Willow Jones ("Jones") bring this action against Defendant County of Orange ("County") and former Deputy District Attorney Defendant Larry Yellin ("Yellin") based on allegations that the County and Yellin falsified evidence and knowingly failed to disclose potentially exculpatory evidence before the trial of Wilkins' 2008 criminal conviction for felony murder, involving the death of an off-duty police officer. Plaintiffs' ignore well-established law that prosecutors, like Yellin, acting as advocates in the judicial process are immune from civil liability based on Federal and State law prosecutorial immunity, even for allegedly withholding exculpatory evidence. Notwithstanding, Plaintiffs' claims fail factually because they have not alleged any facts to show that Yellin, during his limited involvement in Wilkins' criminal prosecution, i.e. only in the preliminary hearing, fabricated evidence or even knew that CHP Officer and superior, Defendant Joseph Morrison ("Morrison") had changed his supervisee's, CHP Officer John Heckenkemper's, original report. Simply put, Yellin could not have failed to disclose exculpatory evidence he did not know existed, nor could he have fabricated evidence created by and authored by another agency of which he had no involvement in the creation of such reports.

The County is likewise immune from Plaintiffs' claims because when it comes to the District Attorney's office, the County is not the policymaker for *Brady* obligations and therefore cannot be liable under 42 U.S.C. §1983. Similarly, because California has abolished common law tort liability against public entities, the County cannot be held liable under any of Plaintiffs' state claims. Nor can it be held liable under a vicarious liability theory where its employees are also immune from liability.

Next, all of Plaintiffs' claims fail because the exculpatory evidence Plaintiffs claim was withheld, was known to Wilkins by the time of his retrial, specifically addressed during the second trial, and he was still convicted of second-degree murder



COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

under an implied malice theory. Thus, there is no causal link between the County and Yellin's alleged actions relating to his first trial and his claims of civil rights and state law violations.

Lastly, punitive damages in this matter against Yellin are inappropriate because Plaintiffs have failed to plead facts which show that tie Yellin to the alleged fabrication of evidence and/or failure to disclose exculpatory evidence. Therefore, punitive damages are inappropriate and unwarranted.

For these reasons, Plaintiffs' Complaint as to Defendants fails to state any claims for which relief should be granted and Defendants respectfully request the Court grant this motion as to each.

## II. BRIEF STATEMENT OF FACTS

On July 7, 2006, Wilkins was driving on the California State Route 91 Freeway in Anaheim with stolen appliances in his truck, when a stove fell off his truck onto the freeway. (Complaint, ¶ 24.) The presence of the stove caused four separate accidents, including one involving Officer D. Piquette, an off-duty Los Angeles County Sheriff's Deputy, who swerved to avoid the stove, veered off the freeway, collided with a cement truck which flipped over and landed on his car, crushing him to death. (Complaint, ¶ 26.) On May 5, 2008, a jury convicted Wilkins of first-degree murder under a felony-murder theory. (Complaint, ¶ 37.) Wilkins was sentenced to 26 years to life shortly thereafter. (*Id.*)

Yellin's involvement in Wilkins' prosecution was limited to filing the initial case and presenting the matter on behalf of Orange County District Attorney's Office ("OCDA") at the preliminary hearing. (Complaint, ¶ 42.) Defendant Michael Murray ("Murray") was the trial prosecutor. (Complaint, ¶ 42.)

Wilkins appealed his 2008 conviction based on an erroneous jury instruction and on March 7, 2013, the California Supreme Court remanded the case for further proceedings finding that improper jury instructions were applied to the first trial. (Complaint, ¶¶ 39-40.) Prior to retrial, Wilkins discovered that CHP officers had



COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

destroyed and altered their original traffic collision reports. (Complaint, ¶ 41.) Wilkins filed a motion to recuse the OCDA based on the failure to disclose exculpatory evidence. (Complaint, ¶ 41.) An evidentiary hearing was held and the trial judge, Judge Thomas Goethals, determined that Defendant Murray committed serious misconduct by not disclosing the falsification of the traffic report. (Complaint, ¶ 41.) Judge Goethals then recused both Yellin and Murray from the retrial finding that they were involved in the case when the misconduct occurred. (Complaint, ¶ 42.) However, there was no finding that Yellin knew of and/or participated in the falsification or destruction of the traffic report at the time he conducted the preliminary hearing. Plaintiffs make no such allegation. In fact, Plaintiffs allege that during the first trial Murray was told about the changed report by CHP Chief Steven Beeuwsaert and Murray told Chief Beeuwsaert that it did not matter because Wilkins was a fleeing felon and Murray intended to seek a conviction on the felony-murder rule. (Complaint, ¶ 36.)

As it relates to the exculpatory evidence at issue in this matter, i.e. the traffic report, Wilkins specifically contends that CHP Officer John Heckenkemper ("Heckenkemper"), who investigated Officer Piquette's traffic accident and death, prepared a report indicating that the cause of Officer Piquette's death was his own driving and that Wilkins was not the primary collision factor of this collision. (Complaint, ¶¶ 27-28.) After Heckenkemper's report was submitted and approved by the CHP Accident Investigation Unit, Heckenkemper's superior, Defendant Joseph Morrison ("Morrison") changed Heckenkemper's report. (Complaint, ¶ 28.) According to Wilkins, Morrison told Heckenkemper that he had destroyed the original report and changed the primary collision factor to indicate that Wilkins was the cause of the accident. (Complaint, ¶¶ 28-29.) Heckenkemper did not approve or agree to this change, and allegedly told Defendant Wesley Vandiver ("Vandiver") that his report had been changed. (Complaint, ¶ 28.)

Wilkins retrial began on or about August 17, 2017. Wilkins admits that he was aware of the allegedly exculpatory evidence prior to his retrial. (Complaint, ¶ 41.)



COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

Nevertheless, he was convicted of second-degree murder under an implied malice theory and his sentence was reduced from 26 years to life to 16 years to life. (Complaint, ¶ 43.) Wilkins again appealed his conviction and on January 7, 2020, the Fourth District Court of Appeal modified the conviction to involuntary manslaughter, stating that the jurors at the retrial did not have enough evidence to prove Wilkins' second-degree murder conviction. (Complaint, ¶ 44.) Wilkins was resentenced to 4 years for the involuntary manslaughter conviction and released from prison on March 10, 2020 after serving 13 years in prison. (Complaint, ¶ 45.)

## III. PROCEDURAL HISTORY

On December 23, 2020, Plaintiffs filed this Complaint against the County and Yellin. Wilkins alleges claims against Yellin for Deprivation of Civil Rights – Fabrication of Evidence (42 U.S.C. § 1983 and the 14th Amendment); Conspiracy to Interfere with Civil Rights – Fabrication of Evidence (42 U.S.C. § 1983); Deprivation of Civil Rights – *Brady* Violations (42 U.S.C. § 1983); Conspiracy to Interfere with Civil Rights – *Brady* Violations (42 U.S.C. § 1983); Malicious Prosecution (42 U.S.C. § 1983); False Imprisonment; Negligence; Intentional Infliction of Emotional Distress (Cal. Gov. Code § 829 and California Common Law); Loss of Consortium; and Violation of Bane Act (Cal. Civ. Code § 52.1). Plaintiffs also are seeking punitive damages against Yellin.

Wilkins alleges claims against the County for Municipal Liability – Ratification (42 U.S.C. § 1983); Municipal Liability – Failure to Train (42 U.S.C. § 1983); Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983); False Imprisonment; Negligence; Intentional Infliction of Emotional Distress (Cal. Gov. Code § 829 and California Common Law); Loss of Consortium; and Violation of Bane Act (Cal. Civ. Code § 52.1).

Plaintiff Jones' only claim in this action is for Loss of Consortium against all Defendants.

On March 31, 2021, counsel for Defendants attempted to meet and confer with



COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

Plaintiffs' counsel regarding the deficiencies in their Complaint. (Declaration of Rebecca J. Chmura ["Chmura Decl.,"], ¶ 3; Exhibit "1.") On April 12, 2021, via teleconference, Plaintiffs and Defendants counsel held a Local Rule 7-3 Conference in order to resolve their differences regarding the substance of this present motion. (Chmura Decl., ¶ 4.) Despite their efforts, counsel for Plaintiffs and Defendants were unable to come to an agreement regarding this motion and as such, this present motion became necessary. (*Id.*)

## IV. AUTHORITY FOR A MOTION TO DISMISS

Under F.R.C.P. Rule 12(b)(6), dismissal is appropriate where there is either a "lack of a cognizable legal theory" or an "absence of sufficient facts alleged under a cognizable theory." (*Balistreri v. Pacifica Police Dep't*, (9th Cir. 1998) 901 F.2d 696, 699.) For a complaint to survive a motion to dismiss, it must assert more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." (*Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544, 555-557.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." (*Ashcroft v. Iqbal*, (2009) 556 U.S. 662, 678.)

In addition, a plaintiff must also demonstrate that a claim has facial plausibility. (*Twombly*, *supra*, 550 U.S. at 570.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Iqbal*, *supra*, 556 U.S. at 678.) Moreover, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (*Moss v. U.S. Secret Service*, (9th Cir. 2009) 572 F.3d 962, 969.)

///

///

///

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

## V. ALL CLAIMS AGAINST YELLIN FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### a. Wilkins' Federal Claims against Yellin based on 42 U.S.C. § 1983 Fail as a Matter of Law Because Yellin is Immune from Civil Liability based on Prosecutorial Immunity

Wilkins' First Claim for Fabrication of False Evidence; Second Claim for Conspiracy to Fabricate Evidence; Third Claim for *Brady* Violations; Fourth Claim for Conspiracy to Interfere with Civil Rights Violations; and Fifth Claim for Malicious Prosecution based on 42 U.S.C. § 1983 fail to state a claim against Yellin because he is immune from civil liability because of absolute prosecutorial immunity.

It is well established that, prosecutors, when acting within the scope of their duties in initiating and prosecuting a case, and when choosing to disclose or not to disclose exculpatory evidence, are absolutely immune from a civil suit for damages for alleged deprivations of the defendant's constitutional rights. (*Imbler v. Pachtman*, (1976) 424 U.S. 409, 420.) Absolute immunity applies to all acts "intimately associated with the judicial phase of the criminal process." (*Van de Kamp v. Goldstein*, (2009) 555 U.S. 335, 343.) This includes immunity not only for actions taken during trial, but also pre-litigation actions such as putting on evidence to support an application for a search warrant. (*Burns v. Reed*, (1991) 500 U.S. 478, 487.) *Broam v. Bogan*, (2003) 320 F.3d 1023, 1030, also states that, "[a] prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under *Brady v. Maryland*, (1963) 373 U.S. 83, 87, 83.) It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages." Further, *Imbler*, 424 U.S. at 431–32, states that the "deliberate withholding of exculpatory information" is included within the "legitimate exercise of prosecutorial discretion"). (*Id*.)



COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

Here, the gravamen of Wilkins' claims against Yellin rests entirely on the allegation that Heckenkemper's report was changed by Morrison and this was not disclosed by Yellin to Wilkins during his first trial. This is factually and legal insufficient to support any claims against Yellin. Factually, not once in the more than 6 pages, and over 24 paragraphs of allegations outlining the "Facts Common to All Claims for Relief" does Wilkins contend that Yellin knew of the modified CHP report and/or potentially exculpatory evidence. Yellin is not even mentioned until paragraph 42 and only because he was recused by Judge Goethals from the retrial as part of the prosecutorial team. But again, there is no allegation that Yellin knew about the changed report and/or failed to disclose it. Further there are zero facts to show that Yellin, or anyone else from the County, directed Morrison to change the report. Morrison did this of his own volition. Thus, all claims fail for lack of factual support.

Legally, even if Wilkins were to allege that Yellin was aware of the changed report during his limited role in filing the case and presenting the matter at the preliminary hearing, as set forth above, the disclosure of *Brady* evidence is a prosecutorial function which entitles the prosecutor to absolute immunity for federal claims. (*Milstein v. Cooley*, (2001) 257 F.3d 1004, 1008, which held that prosecutorial immunity covers the suppression of exculpatory evidence, and malicious prosecution.) Based on the very facts pleaded by Plaintiffs, Yellin is absolutely entitled to prosecutorial immunity.

Further, Wilkins' Complaint does not allege that Yellin (or the County for that matter) was involved in the actual fabrication of evidence that occurred before the prosecutors became "advocates" for purposes of the immunity. *Buckley v. Fitzsimmons*, (1993) 509 U.S. 259, 274, held that "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other." In *Buckley*, the court held that the prosecutors were not entitled to prosecutorial immunity because the alleged fabrication of evidence occurred before the prosecutors

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

could be considered advocates (stating that once they did become advocates the immunity would apply). (*Id*.) Moreover, a "false evidence" claim is synonymous with a "fabrication of evidence" claim. To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. (*Spencer v. Peters* (9th Cir. 2017), 857 F.3d 789 *citing Costanich v. Dep't. of Soc. & Health Servs.*, *Costanich*, (9th Cir. 2001) 627 F.3d 1101, 1111.)

To the contrary and unlike in *Buckley*, here, Plaintiffs specifically contend that "Morrison changed Heckenkemper's report" (Complaint, ¶ 28) and "shredded the initial CHP traffic reports." (Complaint, ¶ 29.) Moreover, Plaintiffs go on to say that "while the first trial was in progress, former CHP Chief Steven Beeuswaert told Murray about the changed traffic reports." (Complaint, ¶ 36.) Further pursuant to *Spencer*, there are no facts which alleged that Yellin deliberately fabricated the evidence. As mentioned it was Morrison, from CHP, who is alleged to have fabricated the evidence. Thus, Plaintiffs' do not allege that Yellin was aware of the modification or destruction of the CHP reports at the time he conducted the preliminary hearing or was deliberately involved in the modification or falsification of the evidence at anytime. There are also no facts to support that Yellin even had in his possession or knew that the evidence was allegedly falsified at the time of filing the matter or conducting the preliminary hearing. Nevertheless, even if he was aware of this alleged fabrication, which he specifically denies, Yellin's decision to suppress such evidence is specifically supported and protected by prosecutorial immunity. Thus, as to Plaintiffs' allegations against Yellin, there are no facts in Plaintiffs' Complaint to support that Yellin was involved in the fabrication of evidence whatsoever.

In sum, since Yellin was not involved in the investigation or creation of the police report at issue before his time as an advocate, he is protected by prosecutorial immunity. Thus, for the foregoing reasons, Plaintiffs' Complaint fails to state a claim against Yellin and all claims should be dismissed with prejudice.

COLLINS COLLINS
MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

**b. <u>Yellin Is Immune from Liability for Plaintiffs' State Law Claims Pursuant to California Government Code § 821.6</u>**

Plaintiffs' Ninth Claim for False Imprisonment; Tenth Claim for Negligence; Eleventh Claim for Intentional Infliction of Emotional Distress; Twelfth Claim for Loss of Consortium; and Thirteenth Claim for Violation of the Bane Act (Civil Code section 52.1) against Yellin all fall as a matter of law.

California Government Code section 821.6 states that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." It has been held in California courts that when applying the immunity laid out in Cal. Gov. Code § 821.6, "the immunity provided by this statute is not limited to direct initiation of a malicious prosecution; it applies, for example, to the suppression of exculpatory evidence by prosecutor or police during pendency of a criminal action." (*Harmston v. Kirk*, (1989) 216 Cal.App.3d 1410, 1413.) Moreover, "[u]nder California law the immunity statute is given an 'expansive interpretation' in order to best further the rationale of the immunity, that is, to allow the free exercise of the prosecutor's discretion and protect public officers from harassment in the performance of their duties." (*Ingram v. Flippo*, (1999) 74 Cal.App.4th 1280, 1292.)

For similar reasons as the Federal § 1983 Claims outlined above, Yellin is immune from Plaintiffs' state law claims for acting within his prosecutorial duties. Again, there is no evidence that Yellin knew Morrison changed the reports, but even if Plaintiffs' alleged he did, he is immune from liability under section 821.6; his limited role in this matter relates to the preliminary hearing and as an advocate and entitles him to California's expansive interpretation of immunity for his exercise of the prosecutorial functions. Thus, Plaintiffs' Complaint fails to state a claim against Yellin as to the California state claims and should be dismissed against Yellin.

///

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

## VI. ALL CLAIMS AGAINST THE COUNTY FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### a. Wilkins' Federal Claims against the County based on 42 U.S.C. § 1983 Fail to State a Claim Because the County is Not the Policymaker and/or Trainer in Respect to *Brady* Obligations or Violations

Wilkins Sixth Claim for Municipal Liability – Ratification (42 U.S.C. § 1983); Seventh Claim for Municipal Liability – Failure to Train (42 U.S.C. § 1983); and Eighth Claim for Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983) against the County fail as a matter of law.

Prevailing precedent holds that"[t]o hold a local government liable for an official's conduct, a plaintiff must first establish that the official (1) had final policymaking authority concerning the action ... at issue and (2) was the policymaker for the local governing body for the purposes of the particular act." (*Goldstein v. City of Long Beach* (2013) 715 F.3d 750, 753). *Goldstein* plainly stated and held that "[t]he California Supreme Court analyzed the provisions of the California Constitution and the statutes discussed above, and based on these considerations, it concluded that "when preparing to prosecute and when prosecuting criminal violations of state law, a district attorney represents the state and is not a policymaker for the county." (*Id*.; see also *Pitts v. County of Kern*, (1998) 17 Cal.4th 340).

Here, Plaintiffs claims against the County arise from the acts of prosecutors within the OCDA's office. Based on *Goldstein* and *Pitts*, a district attorney represents the state and not the County. As such, because the prosecutors in this action are actors of the state and not the County, the County is not a policymaker and does not have final policymaking authority for prosecutors at issue in this action when it comes to *Brady*. Given the above, Plaintiffs' claims against the County fail as a matter of law.

///

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

**b. Plaintiffs' State Claims against the County Fail to State a Claim Because California Abolished Common Law Liability Against Public Entities**

Plaintiffs' Ninth Claim for False Imprisonment; Tenth Claim for Negligence; Eleventh Claim for Intentional Infliction of Emotional Distress; Twelfth Claim for Loss of Consortium; and Thirteenth Claim for Violation of the Bane Act (Civil Code section 52.1) fail to state a claim for which relief can be granted against the County.

First, California has abolished common law tort liability for public entities. (*Nozzi v. Housing Authority of City of Los Angeles*, (2015), 806 F.3d 1178, 1200.) Common law negligence claims may not be asserted against the County. (*Becerra v. Cnty. of Santa Cruz*, (1998) 68 Cal.App.4th 1450, 1457.) All tort claims asserted against public entities must be based on statute. (*Cal. Gov. Code* § 810; *Lopez v. Southern Cal. Rapid Transit Dist.*, (1985) 40 Cal. 3d 780, 758.) Because Plaintiffs' state law claims are not based on statute and rather based on common law theories, these claims fail to state a claim against the County.

To the extent Plaintiffs rely on California Government Code section 815.2(a) to hold the County vicariously liable for the acts of its employees (Yellin, Murray and Vandiver), the claims still fail as a matter of law. Government Code section 815.2(b) states, "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." As established herein, Yellin (and by extension Murray and Vandiver) is immune from liability and thus, the County cannot be held vicariously liable.

## VII. WILKIN'S CLAIM FOR VIOLATION OF THE BANE ACT AGAINST DEFENDANTS FAILS TO STATE A CLAIM

To be successful on a claim for violations of the Bane Act, there must be first violence or intimidation by threat of violence. (*Cabesuela v. Browning-Ferris Industries*, (1998) 68 Cal.App.4th 101, 111.) Moreover, a wrongful detention that is



COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

accompanied by threats, intimidation, or coercion is only a violation of the Bane Act if the coercion is independent from the wrongful detention itself, or that is "deliberate or spiteful." (*Bender v. County of Los Angeles*, (2013) 217 Cal.App.4th 968,981.)

Here, Wilkins' Complaint is entirely void of any allegations of threats, intimidation, or coercion whatsoever. It concludes only that Defendants "intentionally interfered with or attempted to interfere with WILKINS' constitutional right as described above." (Complaint, ¶ 163.) Meaning that the alleged fabrication of evidence and failure to disclose it gives rise to his Bane Act claim. However, Wilkins failed to state any facts reflecting that the Defendants were violent, intimidated violence, or that Wilkin's alleged wrongful detention was accompanied by threats, intimidation, or coercion that was "deliberate or spiteful." And as established above, Wilkins' does not even contend that Yellin was aware that Morrison had modified Heckenkemper's report and destroyed the original at the time he conducted the preliminary hearing. As to Murray, Wilkins contends he learned of the changed traffic reports during the first trial and told Chief Beeuwsaert that it did not matter because he was pursuing a felony murder conviction (Complaint, ¶ 36). Even taking this allegation as true, Murray is entitled to absolute prosecutorial immunity and thus, the County cannot be held vicariously liable. The same is true of Vandiver.

Therefore, Wilkins' Thirteenth Cause of Action should be dismissed.

## VIII. ALL 42 U.S.C. 1983/VIOLATION OF *BRADY* CLAIMS FAIL TO STATE A CLAIM BECAUSE NO PREJUDICE HAS BEEN SHOWN

To state a "[Section 1983] claim under *Brady*, the plaintiff must allege that (1) the withheld evidence was favorable either because it was exculpatory or could be used to impeach, (2) the evidence was suppressed by the government, and (3) the nondisclosure prejudiced plaintiff." (*Stickler v. Greene*, (1999) 527 U.S. 263, 281-82; *Godwin v. Loera*, (2021) WL 461704, 2.) Moreover, it has been held that "strictly speaking, there is never a real '*Brady* violation' unless the nondisclosure was so serious

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

that there is a reasonable probability that the suppressed evidence would have produced a different verdict." (*Stickler*, 527 U.S. at 281.)

Plaintiffs state in their Complaint that "[p]rior to the retrial, WILKINS discovered the CHP officers had destroyed and altered their original traffic collision reports." (Complaint, ¶ 41.) Thus, the previously withheld evidence was considered and available to Wilkins' counsel during the second trial. Nevertheless, a jury found Wilkins guilty of second-degree murder under an implied malice theory and he was sentenced to 16 years to life for the conviction. (Complaint, ¶ 43.) Accordingly, Wilkins did not suffer any prejudice on retrial.

Plaintiffs point out that on appeal of his second conviction, the Fourth District Court of Appeal in Santa Ana modified the judgement to involuntary manslaughter, which had a maximum sentence of four years. (Complaint, ¶ 44.) Plaintiffs do not contend that the change in the judgement resulted from the withholding of exculpatory evidence. Nor could they because the existence of the evidence was known during the retrial. Rather the conviction was reduced because the Fourth District Court of Appeal found that there was insufficient evidence for the jury to convict on an implied malice theory. (Complaint, ¶ 44.) This means that the jury heard all the evidence and got it wrong. This does not mean that *Brady* evidence was withheld, and the nondisclosure prejudiced Plaintiff or lead to a different verdict. This is because it was disclosed.

Thus, because Wilkins was convicted a second time, after knowing about and having evidence of the altered CHP reports, there is no prejudice that can be shown due to a violation of *Brady* or 42 U.S.C. § 1983. Thus, these causes of action fail and should be dismissed.

## IX. PLAINTIFFS' DEMAND FOR PUNITIVE DAMAGES AGAINST YELLIN SHOULD BE STRICKEN UNDER F.R.C.P. RULE 12(f)(2)

Under Rule 12(f)(2), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiffs'

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

request for punitive damages against Yellin should be dismissed because Plaintiffs have not alleged any facts giving rise to punitive damages and punitive damages are not recoverable as a matter of law.

Punitive damages are available as a remedy only when the defendant has been guilty of oppression, fraud, or malice. (Cal. Civ. Code § 3295(a).) When a plaintiff's complaint contains a "conclusory characterization of a defendant's conduct as oppressive, malicious and fraudulent, such a complaint is patently insufficient to support a claim for punitive damages." (*Smith v. Superior Court*, 10 Cal. App. 4th 1033, 1042 (1992) (*quoting Brousseau v. Jarrett*, 73 Cal. App. 3d 864, 872(1977)). Moreover, although a plaintiff who proves a defendant committed a tort may be entitled to compensatory damages as a right, Plaintiff is not automatically entitled to punitive damages. (*Brewer v. Second Baptist Church of Los Angeles*, (1948) 32 Cal.2d 791, 801.) In fact, punitive damages are not favored and should be granted cautiously and only when the criteria to award them are met. (*Beck v. State Farm Mut. Auto Ins. Co*., (1976) 54 Cal.App.3d 347, 355 (1976).

Plaintiffs' Complaint is based on conclusory allegations and lacks specific facts regarding conduct by Yellin that would warrant punitive damages. Plaintiffs' Complaint states only "the conduct of… YELLIN… was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of WILKINS." (Complaint, ¶ 56.) Other than Plaintiffs' conclusory opinion, there are no specific facts to warrant an award of punitive damages against Yellin. Specifically, Plaintiffs fail to show any direct involvement by Yellin in the alleged fabrication of the CHP reports at issue and/or knowledge of Heckenkemper's conclusions. By Plaintiffs' own admission, Yellin was involved in filing the case and the preliminary hearing only. (Complaint, ¶ 42.) There are no facts stating that Yellin personally falsified or withheld any such evidence, or even knew that the reports were allegedly changed. Moreover, the *Brady* violation was the subject of numerous hearings in which the court heard testimony from Yellin and other witnesses, and not a single witness testified that Yellin

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

was aware of or participated in the alteration and destruction of the CHP reports. If such evidence existed, Plaintiffs surely would have included that in the factual allegations. As such, Plaintiffs are not entitled to punitive damages against Yellin and such request should be stricken.

## X. DEFENDANTS' MOTION SHOULD BE GRANTED IN ITS ENTIRETY WITHOUT LEAVE TO AMEND

Plaintiffs should not be granted leave to amend their Complaint as any proposed amendment would be futile. "A proposed amendment is futile if the new claim could be defeated by a motion to dismiss or a motion for summary judgment." (*California v. Neville Chem. Co.,* (C.D. Cal. 2002) 213 F. Supp. 2d 1142, 1144–45 *aff'd sub nom. California ex rel. California Dep't of Toxic Substances Control v. Neville Chem. Co*., (9th Cir. 2004) 358 F.3d 661.) "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." (*Foman v. Davis*, (1962) 371 U.S. 178, 182.) "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." (Bonin v. Calderon, (9th Cir. 1995) 59 F.3d 815, 845 *citing Outdoor Systems, Inc. v. City of Mesa,* , 997 F.2d 604, 614, in which affirmed the district court's denial of a motion for leave to amend because the proffered amendments would be nothing more than an exercise in futility and that a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.)

As established herein above, any amendment to Plaintiffs' Complaint as to Yellin would be futile because his actions, conduct, and decision making regarding withholding of exculpatory evidence (which Yellin denies any such allegations that he actually had knowledge of the alleged altered reports) is a prosecutorial function deeply and fiercely protected by absolute prosecutorial immunity. On both the state and federal

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

claims, Yellin is therefore protected by immunity as he was acting as an adversary involved in the prosecution of Wilkins.

As to the County, and again as stated above, the County is the not the policymaker for *Brady* obligations or the disclosure of exculpatory evidence, that belongs with the State. Further, under the state claims, because Yellin is immune from liability, so too is the County. Thus, there is no amendment which can be made to allege more facts as to the County or Yellin which would permit some sort of recovery by Plaintiffs. Thus, leave to amendment should be denied as any such amendment is futile.

## XI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant this Motion to Dismiss and Motion to Strike Punitive Damages.

DATED: April 19, 2021 COLLINS COLLINS MUIR + STEWART LLP

By: _s/Rebecca J. Chmura___________________
Michael L. Wroniak
Attorneys for Defendants COUNTY OF ORANGE AND LARRY YELLIN

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California, )
) ss.
County of Orange. )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 The City Drive, Suite 400, Orange, California 92868.

On this date, I served the foregoing document described as **COUNTY AND YELLIN'S F.R.C.P. 12(b)(6) AND 12(f)(2) MOTION** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

Dale K. Galipo
Renee V. Masongson
Law Offices of Dale K. Galipo
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333
Fax: (818) 347-4118
Email: dalekgalipo@yahoo.com
Email: rvalentine@galipolaw.com
ATTORNEY FOR PLAINTIFF
COLE WATKINS and WILLOW JONES

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Orange, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Orange, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service List on: 4-19-21 (Date) at ______ (Time)

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (714) 823-4101 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on April 19, 2021 at Orange, California.

☒ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

E. Austin

**Elizabeth G. Austin**
**eaustin@ccmslaw.com**

*FILE # 22644*

COLLINS COLLINS MUIR + STEWART LLP
750 The City Drive, Ste 400
Orange, CA 92868-4940
Phone (714) 823-4100
Fax (714) 823-4101