Scott A. Martin, Esq. (SBN 57714)
Koeller, Nebeker, Carlson & Haluck, LLP
3 Park Plaza, Suite 1500
Irvine, CA 92614-8558
949-864-3400; fax: 949-864-9000

Attorneys for Defendant,
MICHAEL MURRAY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| COLE WILKINS and WILLOW JONES, | ) Case No. 8:20-cv-2417 JLS (DFMx) |
| | ) |
| Plaintiffs, | ) **DEFENDANT MICHAEL** |
| | ) **MURRAY'S NOTICE OF MOTION,** |
| v. | ) **AND MOTION TO DISMISS,** |
| | ) **INCLUDING MEMORANDUM OF** |
| STATE OF CALIFORNIA; COUNTY | ) **POINTS AND AUTHORITIES** |
| OF ORANGE; MICHAEL MURRAY; | ) **(FILED CONCURRENTLY WITH** |
| LARRY YELLIN; WESLEY | ) **REQUEST FOR JUDICIAL** |
| VANDIVER; JOSEPH MORRISON | ) **NOTICE) [*Federal Rule of Civil*** |
| and DOES 1-10, | ) ***Procedure* 12(b)(6)]** |
| | ) |
| Defendants. | ) Hearing Date: October 8, 2021 |
| | ) Time:  10:00 a.m. |
| | ) Courtroom: 10A |
| | ) |
| | ) Complaint Filed: 12/23/2020 |
| | ) Trial Date: None |

## NOTICE OF MOTION, AND MOTION TO DISMISS

To Plaintiffs Cole Wilkins and Willow Jones (hereinafter sometimes collectively "Plaintiffs"), through counsel, and to whomever else it may concern, you and each of you will please take Notice that on October 8, 2021, at 10:00 a.m., in Courtroom 10A of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendant Michael Murray will move this Court for

884.030:420279v1

an Order, under *Federal Rule of Civil Procedure* ("FRCP") 12(b)(6), dismissing Plaintiffs' Complaint, insofar as that Complaint is directed at Michael Murray.

## I.    PRE-FILING CONFERENCE

This Motion follows a pre-filing conference under Local Rule 7-3, initiated by counsel for Michael Murray, on Friday, April 23, 2021.

DATED:  April 30, 2021                    Koeller, Nebeker, Carlson & Haluck, LLP


                                          /s/ Scott A. Martin
                                          Scott A. Martin, Esq.
                                          Attorneys for Defendant
                                          Michael Murray

884.030:420279v1

MOTION, AND MOTION TO DISMISS, INCLUDING MEMORANDUM OF POINTS AND AUTHORITIES

1

## TABLE OF CONTENTS

2   I.    PRE-FILING CONFERENCE ........................................................................ 2

3   II.   INTRODUCTION ........................................................................................ 5

4   III.  FACTUAL SYNOPSIS ................................................................................ 5

5         A.    July 7, 2006 Fatality ........................................................................ 6

6         B.    CHP Reports (Later Changed and/or Destroyed) ............................ 6

7         C.    Prosecution of Wilkins .................................................................... 7

8         D.    First DCA Appeal ............................................................................ 8

9         E.    Supreme Court Review, and Reversal .............................................. 8

10        F.    Wilkins' Motion to Recuse the OCDA, Murray, and Others .............. 8

11        G.    Public Defender's Motion to Dismiss .............................................. 10

12        H.    Wilkins' Retrial, and Conviction .................................................... 10

13        I.    Wilkins' 2nd DCA Appeal .............................................................. 11

14        J.    Conclusion ..................................................................................... 11

15  IV.   MEMORANDUM OF POINTS & AUTHORITIES .................................... 11

16        A.    Complaints Which Fail to State Claims Upon Which Relief Can
                Be Granted are Subject to Dismissal ............................................... 11
17
          B.    Plaintiffs' Claims against Murray are All Time-Barred .................... 12
18
          C.    Plaintiffs' 42 U.S.C. §1983-Based Claims (1st, 2nd, 3rd, 4th and
19              5th) Are Barred, by Absolute Prosecutorial Immunity ...................... 14

20        D.    Plaintiff's State Law Claims (9th, 10th, 11th, 12th and 13th) Are
                Each Barred, by Gov. Code §821.6 ................................................. 16
21
          E.    Conclusion ..................................................................................... 16
22

23

24

25

26

27

28

884.030:420279v1

1

# **TABLE OF AUTHORITIES**

2

## **CASES**

3

Broam v. Manning, 320 F.3d (9th Cir. 2003)....................................................... 14, 15

4

5

Colony Grove Properties, LLC v. City of Carson, 640 F.3d
   (9th Cir. 2011) ................................................................................................. 13

6

Gregoire v. Biddle, 177 F.2d  (2nd Cir. 1949) ....................................................... 15

7

Heck v. Humphrey, 512 U.S. 477 (1994)......................................................... 12, 13

8

Imbler v. Pachtman, 424 U.S. (1976) ................................................................ 14, 15

9

In re Brown, 17 Cal.4th 873 ................................................................................. 9, 10

10

Jackson v. Barnes, 749 F.3d (9th Cir. 2014) .................................................... 12, 13

11

Kyles v. Whitley, 514 U.S. 419, 437 (1995) ............................................................ 10

12

Milstein v. Cooley, 257 F.3d (9th Cir. 2001) ......................................................... 14

13

Miranda v. Arizona, 384 U.S. 436 (1966) .............................................................. 12

14

Owens v. Okure, 488 U.S. 285 (1989) .................................................................... 13

15

Van de Kamp v. Goldstein, 555 U.S. (2009)........................................................... 15

16

Wallace v. Kato, 549 U.S. 384 (2007)..................................................................... 13

17

## **STATUTES AND RULES**

18

42 U.S.C. §1983.................................................................................... 3, 12, 14, 15

19

*Federal Rule of Civil Procedure* ("FRCP") 12(b)(6)......................................... 2, 17

20

*Civil Code* §52.1 ..................................................................................................... 17

21

*Code of Civil Procedure* ("CCP") §335.1 ................................................... 6, 14, 15

22

Gov. Code §821.6 ........................................................................................ 6, 12, 17

23

*Penal Code* §187..................................................................................................... 8

24

*Penal Code* §189..................................................................................................... 8

25

*Penal Code* §739..................................................................................................... 8

26

27

28

MOTION, AND MOTION TO DISMISS, INCLUDING MEMORANDUM OF POINTS AND AUTHORITIES

## II. INTRODUCTION

In sum, Defendant Michael Murray (hereinafter sometimes "Murray") asserts that the 1st, 2nd, 3rd, 4th, 5th, 9th, 10th, 11th, 12th, and 13th Claims for Relief (hereinafter sometimes the "Claims") in Plaintiffs' Complaint are all time-barred, under California's *Code of Civil Procedure* ("CCP") §335.1 (a two-year statute of limitations).

In the alternative, Murray also asserts that he has *absolute prosecutorial immunity* (common-law) from the allegations in the 1st-5th Claims; and that he has *statutory immunity* from the allegations in the 9th-13th Claims, under California *Government Code* ("Gov. Code") §821.6.

This Motion to Dismiss is based on the allegations in Plaintiffs' 38-page Complaint; the Memorandum of Points & Authorities included in this Motion; and the Exhibits to Murray's concurrently filed Request for Judicial Notice (hereinafter sometimes the "RJN").

## III. FACTUAL SYNOPSIS

The following factual assertions are found in the Complaint (which contains 167 numbered paragraphs [each identified herein as a "¶"]), or the certified copies of the January 13, 2017 and May 17, 2017 Orders issued by then Orange County Superior Court (hereinafter sometimes "Superior Court") Judge Thomas Goethals (hereinafter sometimes "Judge Goethals"), appended to Murray's RJN.

For the purposes of this Motion, Murray and this Court must accept the allegations in Plaintiffs' Complaint as true.

///

///

**A.    July 7, 2006 Fatality**

At about 5:00 a.m. on the early morning of July 7, 2006, Plaintiff Cole Wilkins (hereinafter sometimes "Wilkins") was driving westbound on the 91 Freeway in Anaheim, with stolen appliances and household items in the back of his pick-up truck (¶24); and a boxed kitchen stove fell out of the bed of that pick-up truck, into travel lanes (*Id.*).

Several motorists collided with the boxed stove; and at least one motorist (named David Piquette [hereinafter sometimes "Piquette"]) lost control of the car he was driving, when he served to avoid hitting the boxed stove. (¶25 and ¶26)

Piquette's car then hit a "...cement truck...", which "...flipped over and landed on Piquette's car, crushing him to death..." (¶26).

**B.    CHP Reports (Later Changed and/or Destroyed)**

Because Piquette's July 7, 2006 death, and the collisions with the boxed stove, all occurred on the 91 Freeway, California Highway Patrol ("CHP") Officers (including John Heckenkemper ["Heckenkemper"]) prepared Traffic Collision Reports (hereinafter sometimes the "Reports) regarding those episodes. (¶27 and ¶28)

Each of those original Reports apparently opined that the *primary collision factor* ("PCF") for the collisions with the boxed stove, and Piquette's death, were the actions of those drivers, rather than Wilkins. (*Id.*)

However, at some later time, CHP Sergeant James Morrison (hereinafter sometimes "Morrison"), a Defendant herein, apparently changed and/or destroyed those Reports. (¶28 and ¶29)

6

MOTION, AND MOTION TO DISMISS, INCLUDING MEMORANDUM OF POINTS AND AUTHORITIES

1      Exactly when and how Morrison's changing and/or destruction of the
2   original Reports came to light are matters of much debate, as discussed in Judge
3   Goethals' January 13, 2017 and May 17, 2017 Orders (Exhibits 1 and 2 to the
4   RJN).

5

6   **C.    Prosecution of Wilkins**

7      In addition to the Reports about the collisions, and the death of Piquette, the
8   theft of the boxed stove, and the other household goods in Wilkins' pick-up truck,
9   was investigated by the CHP; and on July 13, 2006, the Office of the Orange
10   County District Attorney (hereinafter sometimes the "OCDA") filed a Criminal
11   Complaint, charging Wilkins with murder (under *Penal Code* §187). (¶31)

12

13      That Criminal Complaint (in Superior Court Case No. 06NF2339 ["People v.
14   Wilkins]) was prepared by Defendant Larry Yellin (hereinafter sometimes
15   "Yellin"), then an OCDA Deputy (and now a Superior Court Judge). (¶42; and
16   Exhibit 1 to the RJN ["Exhibit 1"], at Page 3.)

17

18      Yellin conducted the Preliminary Hearing in People v. Wilkins; and after
19   Wilkins was "held to answer," an Information was filed against him (as required by
20   *Penal Code* §739). (¶31; ¶42; and Exhibit 1, Page 3.)

21

22      Thereafter, Murray (then also an OCDA Deputy, and now also a Superior
23   Court Judge) became the Trial Prosecutor, in People v. Wilkins. (Exhibit 1, Page 3;
24   and ¶42.)

25

26      The Trial by Jury in People v. Wilkins (with Murray as the Prosecutor) began
27   on April 17, 2018; Wilkins was convicted of first degree murder (under the "felony-
28   murder rule" found in *Penal Code* §189) on May 8, 2008; and Wilkins was

7

1  sentenced to "26 years to life in prison" on July 11, 2008. (¶37; ¶42; and Exhibit 1,
2  Page 3.)

3

4  **D.      First DCA Appeal**

5          Wilkins filed an Appeal from both his May 8, 2008 conviction (including the
6  Superior Court's refusal to give a particular Jury Instruction), and his July 11, 2008
7  sentence; and on January 7, 2011, the California Fourth District Court of Appeal,
8  Division 3 (the "DCA") affirmed both that conviction and that sentence, in a
9  published Opinion, found at 191 Cal.App.4th 780 (2011). (¶38)

10

11 **E.      Supreme Court Review, and Reversal**

12         On May 11, 2011, the California Supreme Court granted review of that
13 published Opinion by the DCA; and on March 7, 2013 reversed that DCA Opinion,
14 based on the Superior Court's failure to give a Jury Instruction requested at Trial by
15 Wilkins. (56 Cal.4th 333 (2013). (¶39 and ¶40.)

16

17 **F.      Wilkins' Motion to Recuse the OCDA, Murray, and Others**

18         On July 10, 2015 (more than five (5) years before the Complaint in this
19 matter was filed), the Orange County Public Defender (hereinafter sometimes the
20 "Public Defender") filed the first of a series of Motions to Recuse the entire
21 OCDA's office, or, in the alternative, to recuse Yellin, Murray and OCDA Deputy
22 Eric Scarborough ("Scarborough") from prosecuting Wilkins again, in a retrial
23 allowed by the Supreme Court Opinion (as modified at 56 Cal.4th 588a). (¶41; and
24 Exhibit 1.)

25

26         Those Motions by the Public Defender were initially denied by the Superior
27 Court; but the DCA then directed that an evidentiary hearing be held (and it was,
28 before Judge Goethals, as noted in Exhibit 1).

MOTION, AND MOTION TO DISMISS, INCLUDING MEMORANDUM OF POINTS AND AUTHORITIES

1    The focus of the Public Defender's Motion to Recuse was the contention that

2 under <u>Brady v Maryland</u>, 373 U.S. 83 (1963) ("<u>Brady</u>"), the OCDA (in general),

3 and Yellin, Murray and Scarborough (in particular), had failed to disclose

4 Morrison's alteration and/or destruction of the Reports to Wilkins and his counsel

5 (Joseph Vodnoy, at the 2008 Trial; and the Public Defender, after Mr. Vodnoy's

6 death).[1]

7

8    After conducting the evidentiary hearing ordered by the DCA, Judge

9 Goethals took that Motion to Recuse under submission; and on January 13, 2017,

10 he issued an 8-page Order (a certified copy of which is Exhibit 1).

11

12    That January 13, 2017 Order recused Yellin and Murray from any role in the

13 retrial of Wilkins, even though Judge Goethals was well-aware that both Yellin and

14 Murray were by then also Superior Court Judges.

15       "This court recognizes that the recusal of Mr. Yellin and

16       Mr. Murray is at this point largely symbolic since neither

17       is any longer employed by the Orange County District

         Attorney." (Exhibit 1, Page 6, 3rd full paragraph.)

18

19    In making that Order, Judge Goethals also asserted that even if Yellin and/or

20 Murray did not actually know of Morrison's alteration or destruction of the

21 Reports, they were nonetheless responsible for the failure to disclose what they did

22 not know, pursuant to the requirements in <u>Brady</u>.

23

24    In particular, Judge Goethals' January 13, 2017 Order (on Page 4, in the third

25 full paragraph), quoted from <u>In re Brown</u>, 17 Cal.4th 873.

26 ///

27

28

---

[1] Although the Complaint makes no reference to that death, a Google search discloses that Joseph Truman Vodnoy died on July 22, 2014 at age 78.

MOTION, AND MOTION TO DISMISS, INCLUDING MEMORANDUM OF POINTS AND AUTHORITIES

884.030:420279v1

1
2
3
4
5
6
7
8
9

"'We believe that the purposes of <u>Brady</u> would not be served by allowing material exculpatory evidence to be withheld simply because the police, rather than the prosecutors, are responsible for non-disclosure.... Any argument for excusing a prosecutor from disclosing what he does not happen to know about boils down to a plea to substitute the police for the prosecutor, and even for the courts themselves, as the final arbiters of the government's obligation to ensure fair trials.' (<u>In re Brown</u> (1998), 17 Cal.4th 873, 880-881, citing <u>Kyles v. Whitley,</u> 514 U.S. 419, 437 (1995))."

10

11 **G.**   **Public Defender's Motion to Dismiss**

12 After Judge Goethals decided the Public Defender's Motion to Recuse
13 (disqualifying Yellin and Murray, but not the entire OCDA or Scarborough, from
14 participation in a retrial of Wilkins), he heard further testimony, and considered
15 further evidence, in regard to the Public Defender's Motion to Dismiss <u>People v</u>
16 <u>Wilkins,</u> based on alleged "outrageous government conduct."

17

18 Although he denied that Motion to Dismiss, Judge Goethals' May 17, 2017
19 Order (Exhibit 2) did exclude "...the felony murder rule as a possible theory of
20 culpability at Defendant's [Wilkins'] retrial." (Exhibit 2; Page 4, first paragraph.)

21

22 **H.**   **Wilkins' Retrial, and Conviction**

23 Wilkins' retrial (based on a theory of "implied malice") began in mid-August
24 2017 (¶43); a Jury again found Wilkins guilty (this time of second degree murder)
25 (*Id*.); and Wilkins' sentence was then reduced, from "26 years to life" to "16 years
26 to life." (*Id*.)

27 ///

28 ///

MOTION, AND MOTION TO DISMISS, INCLUDING MEMORANDUM OF POINTS AND AUTHORITIES

**I.    <u>Wilkins' 2nd DCA Appeal</u>**

Once again, Wilkins filed an Appeal to the DCA; and on January 7, 2020, the DCA issued an unpublished Opinion, which reduced Wilkins' conviction, from second degree murder to involuntary manslaughter. (¶44)

On March 10, 2020, Wilkins was resentenced, to 4 years for the involuntary manslaughter. (¶45)

**J.    <u>Conclusion</u>**

Based on this factual synopsis, and the Memorandum of Points & Authorities which follows, Michael Murray respectfully asserts that his Motion to Dismiss the Complaint of Cole Wilkins and Willow Jones should be granted by the Honorable Court.

<center>**IV.   <u>MEMORANDUM OF POINTS & AUTHORITIES</u>**</center>

As noted in the **<u>INTRODUCTION</u>** (above), Murray contends that all of the Complaint's Claims against him are time-barred; that those 42 U.S.C. §1983-based Claims are also precluded, by common law absolute prosecutorial immunity; and that those State law claims are also precluded by the statutory immunity provided by Gov. Code §821.6.

**A.    <u>Complaints Which Fail to State Claims Upon Which Relief Can Be Granted are Subject to Dismissal</u>**

FRCP 12(b) provides that "...a party may assert the following defenses by motion: ...[¶] (6) failure to state a claim upon which relief can  be granted...."

Whether based on time-bars and/or immunities, Murray's Motion to Dismiss the Complaint should be granted by this Court.

**B.**    <u>**Plaintiffs' Claims against Murray are All Time-Barred**</u>

Plaintiffs' Claims against Murray all center on his alleged failure to disclose so-called <u>Brady</u> information actually known by him, or constructively imputed to him, before, during and after the April – May 2008 Trial (on a felony-murder theory) in <u>People v. Wilkins</u>.

Since Wilkins' 2008 felony-murder conviction was reversed by the California Supreme Court, on March 7, 2013 (56 Cal.4th 333), the so-called "Heck bar" described by Justice Scalia in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) ["<u>Heck</u>"] was then lifted.  That is, as of March 7, 2013, Wilkins was not precluded from suing anyone involved in that 2006 – 2008 felony-murder prosecution (including Murray).

While there may be disagreement about *when* and *how* Wilkins first learned of those ostensible <u>Brady</u> violations, there is no question that same were known no later than July 10, 2015, when the Public Defender filed the first Motion to Recuse the OCDA and/or Murray, Yellin and Scarborough.

The fact that Wilkins later faced another Trial (from which the felony-murder theory was excluded, and the <u>Brady</u> materials about the Reports were fully available for discussion and presentation in evidence), did not preclude Plaintiffs from pursuing this action once those <u>Brady</u>-based Claims accrued (no later than July 10, 2015).

This contention is supported by <u>Jackson v. Barnes</u>, 749 F.3d 755 (9th Cir. 2014) ("<u>Jackson</u>"), in which the 1995 murder conviction of Frederick Lee Jackson, and 26 year sentence were overturned in 2004, because Mr. Jackson's rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) were violated.

MOTION, AND MOTION TO DISMISS, INCLUDING MEMORANDUM OF POINTS AND AUTHORITIES

1        After that 2004 reversal, and before a second Trial on those murder charges,

2  Mr. Jackson filed suit under 42 U.S.C. §1983, alleging violations related to his

3  1995 conviction; and that <u>Heck</u> did not preclude his lawsuit.

4

5        The District Court disagreed; but the 9th Circuit (writing through Judge

6  Reinhardt) reversed, stating:

7               "Thus, Jackson's §1983 claim... for the Fifth Amendment

8               violation is not barred by *Heck*." (*Id*., at 760; italics in the

9               original.)

10        Here, just as in <u>Jackson</u>, Plaintiffs were not precluded from filing this action

11  (after March 7, 2013); but, unlike <u>Jackson</u>, Plaintiffs did not timely file their

12  Complaint in this matter.

13

14        Plaintiffs' 42 U.S.C. §1983-based Claims against Murray (the 1st, 2nd, 3rd,

15  4th, and 5th Claims) are "...governed by the statute of limitations applicable to

16  personal injury actions [in California]" (<u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007);

17  and <u>Owens v. Okure</u>, 488 U.S. 285, 249-250 (1989).

18

19        That statute is CCP §335.1 (<u>Colony Grove Properties, LLC v. City of Carson</u>,

20  640 F.3d 948, 956 (9th Cir. 2011).

21

22        CCP §335.1 provides:

23               "Within two years: <u>An action for</u> assault, battery, or

24               <u>injury to</u>, or for the death of, <u>an individual caused by the</u>

25               <u>wrongful act or neglect of another</u>." (Underscore added.)

26        Therefore, since Plaintiffs' Complaint was filed on December 23, 2020 (more

27  than five (5) after the Public Defender filed the initial Motion to Recuse Murray

28  and others), Claims 1-5 are each time-barred, because each such Claim seeks

1  recovery "...for ...injury to... an individual [Cole Wilkins and/or Willow Jones]
2  caused by the wrongful act or neglect of another [Murray]." (CCP §335.1)

3

4  Similarly, since Claims 9-13, inclusive, are based solely on California state
5  law, and each seeks recovery "...for... injury to... an individual [Plaintiffs] caused
6  by the wrongful... of another." (CCP §335.1), Claims 9-13 are also time-barred.

7

8  **C.    Plaintiffs' 42 U.S.C. §1983-Based Claims (1st, 2nd, 3rd, 4th and 5th) Are**
9  **Barred, by Absolute Prosecutorial Immunity**

10  In Imbler v. Pachtman, 424 U.S. 409 (1976) ("Imbler"), the U.S. Supreme
11  Court laid out in great detail when, and particularly why, prosecutors are entitled to
12  absolute prosecutorial immunity.

13

14  Since Imbler was decided, many District Courts and Circuit Courts have
15  attempted to parse out whether a prosecutor's actions were "...traditional
16  prosecutorial duties which are granted absolute immunity...." (Broam v. Manning,
17  320 F.3d 1023, 1029 (9th Cir. 2003) ("Broam"); or were administrative or
18  investigative actions, entitled only to qualify immunity (see, for example, Milstein
19  v. Cooley, 257 F.3d 1004 (9th Cir. 2001) ("Milstein")).

20

21  As noted above, and in the Complaint (at ¶42), Yellin filed People v. Wilkins
22  and presented the People's case at a Preliminary Hearing; and Murray thereafter
23  handled the first Trial (which resulted in Wilkins' conviction, on a felony-murder
24  theory).

25

26  In the course of his handling of the first Trial in People v. Wilkins, Murray is
27  accused of: (1) fabricating evidence, by failing to disclose the modification and/or
28  destruction of the Reports (1st Claim); (2) conspiracy with Yellin, Morrison and

14

others to withhold that information (2nd Claim); (3) failing to disclose that information, in violation of <u>Brady</u> (3rd Claim); (4) conspiracy with Yellin, Morrison and others, to withhold that information, in violation of <u>Brady</u> (4th Claim); and (5) malicious prosecution of Wilkins (5th Claim).

Each of those categories of alleged wrongdoing was discussed in <u>Broam</u> (at Page 1030), in a lengthy (almost full page) paragraph, which begins with the following.

> "A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under <u>Brady v. Maryland</u>.... It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages. See, e.g., <u>Imbler</u>... (explaining that the 'deliberate withholding of exculpatory information' is included within the 'legitimate exercise of prosecutorial discretion')...." (<u>Broam</u>, at 1030.)

Six years after Circuit Judge Alarcon's collection of absolute immunity decisions, in <u>Broam</u>, the Supreme Court issued a unanimous Opinion in <u>Van de Kamp v. Goldstein</u>, 555 U.S. 335 (2009), in which Justice Breyer carefully reiterated the reasons for extending absolute immunity to prosecutors, catalogued more than 30 years earlier, in <u>Imbler</u>.

Those reasons are as valid and applicable to Plaintiffs' 1st-5th Claims against Murray, as they were in <u>Imbler</u>, or in Chief Judge Learned Hand's Opinion in <u>Gregoire v. Biddle</u>, 177 F.2d 579 (2nd Cir. 1949).

///

///

MOTION, AND MOTION TO DISMISS, INCLUDING MEMORANDUM OF POINTS AND AUTHORITIES

Simply put, Plaintiffs' 1st-5th Claims against Murray assert actions or inactions which are all protected by absolute prosecutorial immunity; and those Claims should all be dismissed, pursuant to FRCP 12(b)(6).

## D.  Plaintiff's State Law Claims (9th, 10th, 11th, 12th and 13th) Are Each Barred, by Gov. Code §821.6

Gov. Code §821.6 provides, as follows:

> "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." (Gov. Code §821.6)

The allegations against Murray, in Plaintiffs' 9th Claim (False Imprisonment), 10th Claim (Negligence), 11th Claim (Intentional Infliction of Emotional Distress), 12th Claim (Loss of Consortium), and 13th Claim (Violation of *Civil Code* §52.1) all relate to the prosecution of People v. Wilkins, by Murray and others.

Therefore, under any reading of Gov. Code §821.6, Murray is immune from those allegations; and the 9th-13th Claims in the Complaint against Murray should also be dismissed, under FRCP 12(b)(6).

## E.  Conclusion

For the reasons set forth above, each of the Claims in Plaintiffs' Complaint against Michael Murray are time-barred; the 1st-5th Claims are also barred, by the doctrine of absolute prosecutorial immunity; and the 9th-13th Claims are also barred, by the immunity provided by Gov. Code §821.6.

///

1       Therefore, Michael Murray's Motion to Dismiss the Complaint of Cole

2   Wilkins and Willow Jones should be granted, by the Honorable Court.

3

4       Respectfully submitted,

5

6   DATED:  April 30, 2021              Koeller, Nebeker, Carlson & Haluck, LLP

7

8                                        /s/ Scott A. Martin

9                                        Scott A. Martin, Esq.
                                         Attorneys for Defendant
10                                       Michael Murray

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

884.030:420279v1

MOTION, AND MOTION TO DISMISS, INCLUDING MEMORANDUM OF POINTS AND AUTHORITIES