UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

Deborah Lewman                                    N/A
    Deputy Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
    Not Present                                    Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING IN PART AND
                          DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS
                          (Docs. 20, 22, 24, 28)**

Before the Court are Defendants' Motions to Dismiss.  (California/Morrison Mot.
("Morrison Mot."), Doc. 20; Orange County/Yellin Mot. ("Yellin Mot."), Doc. 22;
Vandiver Mot., Doc. 24; Murray Mot., Doc. 28.)  Plaintiff opposed.  (Pl. Opp. re
Morrison Mot. ("Morrison Opp."), Doc. 44; Pl. Opp. re Yellin Mot. ("Yellin Opp."),
Doc. 43; Pl. Opp. re Vandiver Mot. ("Vandiver Opp."), Doc. 50; Pl. Opp. re Murray Mot.
("Murray Opp."), Doc. 51).  Defendants replied.  (Morrison Reply, Doc. 46; Yellin
Reply, Doc. 47; Vandiver Reply, Doc. 52; Murray Reply, Doc. 53.)  The Court finds this
matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D.
Cal. R. 7-15.  Accordingly, the hearing set for **November 5, 2021 at 10:30 a.m**., is
VACATED.  Having considered the pleadings, the parties' briefs, and for the reasons
stated below, the Court GRANTS in part and DENIES in part Defendants' motions.

## I.    BACKGROUND

On July 7, 2006, Plaintiff Cole Wilkins ("Wilkins") was driving westbound on the
91 Freeway in Anaheim with stolen kitchen appliances in the back of his truck.  (Compl.,
Doc. 1 at ¶ 24.)  Wilkins had driven approximately sixty miles from a location in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

Riverside County when a boxed stove fell from the back of his truck and onto the freeway at approximately 5:00 a.m.  (*Id.*)  When the stove fell out of the truck, Wilkins was travelling in the number two lane at approximately fifty-five to sixty miles per hour.  (*Id.*)  Wilkins was unaware that the stove had fallen off the back of the truck until another motorist on the freeway directed him to pull over.  (*Id.* ¶ 25.)

A number of traffic collisions occurred in Wilkins's wake.  D. Piquette, a former Riverside County sheriff's deputy, had swerved sharply to the right to avoid the stove, veered across the freeway, and collided with a cement truck, which flipped over and landed on Piquette's car, crushing him to death ("the fatal collision").  (*Id.* ¶ 26.)  Other drivers also briefly collided with the stove in separate vehicles or swerved to avoid the stove on the freeway without incident.  (*Id.*)

Shortly after the collisions occurred, California Highway Patrol ("CHP") officers prepared traffic reports for the collisions.  Each traffic report identified the primary collision factor ("PCF") of each collision.  (*Id.* ¶ 27.)  At least two investigating CHP officers, including Officer John Heckenkemper, opined that the four collisions relating to the stove were not caused by Wilkins; rather, they were caused by the errant driving of other motorists who either struck or took evasive action to avoid the stove.  (*Id.*)  Most significantly, the original CHP traffic report pertaining to the fatal collision indicated that Piquette's driving, not the stove, was the primary cause of the fatal collision.  (*Id.*)  Heckenkemper also wrote a second report opining that a driver involved in a second collision related to the stove was at fault for driving too fast for the conditions.  (*Id.* ¶ 28.)  That report was submitted and signed off on by a reviewing officer in the CHP Accident Investigation Unit ("AIU").  (*Id.*)

Wilkins alleges that after Heckenkemper finalized the second report and the AIU approved it, Defendant CHP Sergeant Joseph Morrison changed Heckenkemper's report.  (*Id.*)  Morrison told Heckenkemper that he had destroyed his report and changed the PCF to "other than driver" because Wilkins was being charged with felony murder, and law enforcement wanted the PCFs in the three collisions to be consistent.  (*Id.*)  Heckenkemper did not approve or agree with the changes made, and he told Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                                   Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

investigator Wesley Vandiver that he did not agree with Morrison's PCF.  (*Id.*)  Vandiver responded only: "I don't want to hear about it," or words to that effect.  (*Id.*)  Wilkins also alleges that Morrison altered the traffic reports regarding the fatal collision to reverse the conclusion that Piquette's driving was the PCF.  (*Id.* ¶ 29.)  Morrison shredded all of the original CHP traffic reports.  (*Id.*)

On July 13, 2006, the Orange County District Attorney ("OCDA") filed a complaint against Wilkins, alleging a violation of California Penal Code § 187 (murder) and subsequently filed the Information alleging the same charge.  (*Id.* ¶ 31.)  A jury trial commenced on April 17, 2008, in which the prosecution charged Wilkins with first-degree murder under the felony-murder rule.  (*Id.*)  That rule provides that all murder "committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, [or] train wrecking . . . is murder of the first degree."  Cal. Penal Code § 189.  At trial, the court instructed the jury that for the felony-murder rule to apply, the burglary and the act causing the death must be part of one "continuous transaction."  (*Id.* ¶ 34 (citing CALCRIM No. 549).)  The court denied Wilkins's request, however, to instruct the jury on the "escape rule," namely, that: "The crime of burglary continues until the perpetrator has actually reached a temporary place of safety.  The perpetrator has reached a temporary place of safety if he has successfully escaped from the scene, is no longer being chased [, and has unchallenged possession of the property]." (*Id.* (citing CALCRIM No. 3261).)

While the trial was in progress, former CHP Chief Steven Beeuwsaert told the trial prosecutor, Defendant Michael Murray, about the changed traffic reports.  (*Id.* ¶ 36.)  Murray responded that the reports did not matter because Wilkins was a fleeing felon, and Murray intended to pursue a conviction against Wilkins under the felony-murder rule.  (*Id.*)

On May 5, 2008, a jury convicted Wilkins of first-degree murder under the felony-murder theory.  (*Id.* ¶ 37.)  Wilkins was sentenced to twenty-six years to life in prison. (*Id.*)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

Wilkins appealed his conviction, and on March 7, 2013, the California Supreme
Court reversed the conviction and remanded the case for further consistent proceedings
on the grounds that the failure to instruct on the escape rule was not harmless error.  (*Id.*
¶ 40.)

Prior to his retrial, Wilkins learned that CHP officers had destroyed and altered
their original traffic collision reports, as described above, and that the prosecutors in his
case had failed to disclose that exculpatory evidence.  (*Id.* ¶ 41.)  On July 10, 2015,
Wilkins filed a motion to recuse the OCDA, alleging outrageous government conduct.
(*Id.*)  Upon issuance of an alternative writ, the California Court of Appeal ordered the
trial court to conduct an evidentiary hearing.  (*Id.*)

At the conclusion of the evidentiary hearing, the presiding judge of the retrial,
Superior Court Judge Thomas Goethals, ruled that Murray committed serious misconduct
by not disclosing the falsification of the traffic report.  (*Id.*)  Judge Goethals found: "An
opinion expressed in writing by a veteran CHP officer that [Wilkins's] conduct was not
the [PCF] in this fatal was without question *Brady* material . . . [Wilkins] should have
received the exculpatory material contained in the destroyed reports prior to his first trial
pursuant to the *Brady* discovery rule.  Instead, the evidence was suppressed and later
destroyed."  (*Id.* (quoting *People v. Wilkins*, 2020 WL 64715 (Jan. 7, 2020)).)  As a
sanction, Judge Goethals excluded felony murder as a theory of liability during the
retrial, leaving the prosecution with an implied malice homicide theory of liability, which
requires a causational jury instruction.  (*Id.*)  Judge Goethals also recused both Murray
and Yellin from the retrial, finding that they were "deeply involved with the case when
the misconduct occurred," as Yellin filed the case and presented the matter at the
preliminary hearing and Murray was the trial prosecutor.  (*Id.* ¶ 42.)

Wilkins was retried and found guilty of second-degree murder under an implied
malice theory, whereby his sentence was reduced to sixteen years to life in prison.  (*Id.*
¶ 43.)  Wilkins appealed, and the Fourth District Court of Appeal reversed the second-
degree murder conviction, and modified the judgment to reflect a conviction for
involuntary manslaughter, which carries a maximum sentence of four years.  (*Id.* ¶ 44.)

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

On March 10, 2020, Wilkins was resentenced to four years for involuntary manslaughter; by that time, Wilkins had already served approximately thirteen years in prison.  (*Id.* ¶ 45.)

Wilkins filed the present action on December 23, 2020.  (*See id.* at 1.)  Wilkins asserts thirteen claims for relief: (1) Fabrication of Evidence/False Evidence under 42 U.S.C. § 1983; (2) Conspiracy to Interfere with Civil Rights—Fabrication of Evidence/False Evidence Violations under 42 U.S.C. § 1983; (3) *Brady* Violations under 42 U.S.C. § 1983; (4) Conspiracy to Interfere with Civil Rights—*Brady* Violations under 42 U.S.C. § 1983; (5) Malicious Prosecution under 42 U.S.C. § 1983; (6) Municipal Liability—Ratification under 42 U.S.C. § 1983; (7) Municipal Liability—Inadequate Training under 42 U.S.C. § 1983; (8) Municipal Liability—Unconstitutional Custom, Practice, or Policy under 42 U.S.C. § 1983; (9) False Imprisonment; (10) Negligence; (11) Intentional Infliction of Emotional Distress; (12) Loss of Consortium; and (13) Violation of Cal. Civil Code § 52.1.  Wilkins seeks damages against Defendants the State of California ("the State"), the County of Orange ("the County"), Michael Murray, Larry Yellin, Wesley Vandiver, Joseph Morrison, and Does 1-10.  (*Id.*)  Wilkins's spouse, Willow Jones, asserts one claim for loss of consortium.  (*Id.* ¶¶ 151-59.)

Defendants the State and Morrison, the County and Yellin, Murray, and Vandiver have filed four motions to dismiss the complaint.  The Court will analyze the arguments made within these motions on a claim-by-claim basis, as the complaint asserts common claims against multiple defendants.

## II.    **LEGAL STANDARD**

"Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for 'failure to state a claim upon which relief can be granted.'  Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Alfred v. Walt Disney Co.*, 388 F. Supp. 3d 1174, 1180 (C.D. Cal. 2019) (citation omitted) (quoting Fed R. Civ. P. 12(b)(6)).  In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                     Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
Courts must also draw all reasonable inferences in the light most favorable to the non-
moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).
Yet, "courts 'are not bound to accept as true a legal conclusion couched as a factual
allegation.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan
v. Allain*, 478 U.S. 265, 286 (1986)).

       "To survive a motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*,
556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility
when the plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678
(citing *Twombly*, 550 U.S. at 556).  A plaintiff must not merely allege conduct that is
conceivable.  When "a complaint pleads facts that are merely consistent with a
defendant's liability, it stops short of the line between possibility and plausibility of
entitlement to relief."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

**III.    DISCUSSION**

   **A.    State Law Claims**

       Morrison, the State, and Vandiver move to dismiss Wilkins's state law claims on
the ground that they are barred because of Wilkins's failure to timely comply with
California's Government Claims Act.  (*See* Morrison Mot. at 8; Vandiver Mot. at 15.)
Murray asserts that Wilkins's state law claims are time-barred by the two-year statute of
limitations for personal injury suits.  (Murray Mot. at 13.)  The County ("the County")
and Yellin do not assert any type of time bar.  (*See* Yellin Mot.)  Wilkins counters that his
claims are not time-barred because his claims were tolled while he was in prison facing
retrial.  (Morrison Opp. at 10; Vandiver Opp. at 9.)

       Under the California Government Code, "failure to timely present a claim for
money or damages to a public entity" through the government claims process "bars a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                           Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

plaintiff from filing a lawsuit against that entity."  *State of California v. Superior Court*,
32 Cal.4th 1234, 1239 (2004).  Timely claim presentation is not merely a procedural
requirement, but rather, a condition precedent to a plaintiff's action against a public entity
defendant, and thus, it is an element of a plaintiff's cause of action.  *E.M. v. Los Angeles
Unif. Sch. Dist.*, 194 Cal. App. 4th 736, 744 (Ct. App. 2011).  If an action against a public
entity is barred by failure to file a timely claim, a suit against a public employee for
causing injury in the scope of his or her employment is also barred.  Cal. Gov. Code
§ 950.2.

"A claim relating to a cause of action for death or for injury to a person or to
personal property . . . shall be presented . . . not later than six months after the accrual of
the cause of action."  Cal. Gov. Code § 911.2.  The date of accrual triggering the
Government Claims Act claim presentation time limit is the date that would apply under
the statute of limitations applicable to a dispute between private litigants.  *The Kind &
Compassionate v. City of Long Beach*, 2 Cal. App. 5th 116, 125 n.1 (Ct. App. 2016).  For
the purpose of computing the time limits prescribed by the Government Claims Act under
the delayed discovery doctrine, a plaintiff has reason to discover a cause of action when
he or she has reason to at least suspect a factual basis for its elements.  *J.J. v. Cnty. of San
Diego*, 223 Cal. App.4th 1214, 1222 (Ct. App. 2014).

Under the California Government Claims Act, therefore, Wilkins was required to
present government claims against the entities and individuals acting within the scope of
their employment.  (*See* Compl. ¶¶ 6-9, 12-13 (naming defendants as public entities or
individuals "acting under color of state law and within scope of [their] duties").)  As
Wilkins's suit brings causes of action for injury to his person or personal property, his
claims were required to be presented within six months of him having reason to suspect a
factual basis for their elements.  Here, that date is approximately July 2015, when
Wilkins filed a motion to recuse the OCDA after discovering that CHP officers had
destroyed and altered the traffic collision reports.  Wilkins did not file his government
claims until July 6, 2020—nearly five years later.  Although courts have discretion to
grant applications for extension of time to file a late claim within a one-year period,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                          Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

courts have no discretion to consider untimely claims after the one-year mark.  *See* Cal. Gov. Code § 911.4; *Santee v. Santa Clara Cnty. Off. of Educ.*, 220 Cal. App.3d 702, 713 (1990).

Wilkins counters that § 945.3 of the Government Code tolled the time to file his government claims until March 10, 2020, and his "claims did not accrue until March 10, 2020, when the criminal proceedings based on the original charges against Wilkins were finally adjudicated and Wilkins received the final sentence."  (Morrison Opp. at 10.)  Section 945.3 provides that

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring *a civil action for money or damages* against a peace officer or the public entity employing a peace officer based upon the conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting the accused, while the charges against the accused are pending before a superior court.

(emphasis added).  It specifies that "[a]ny applicable statute of limitations for filing and prosecuting *these actions* shall be tolled during the period that the charges are pending before a superior court."  *Id.* (emphasis added).  Critically, however, it also specifies that "[n]othing in this section shall prohibit the filing of a *claim* with the board of a public entity, and this section shall not extend the time within which a *claim* is required to be presented pursuant to Section 911.2." (emphases added).

Thus, the Court reads § 945.3 to toll the statute of limitations for filing a civil action for money or damages, but it does not toll the time period relevant to the filing of government claims.  The statute's language is clear, and in particular, its differentiation between "actions" and "claims" signals that only the statute of limitations for filing civil actions is tolled during the period the potential plaintiff has charges pending against him.  Therefore, Wilkins was required to file his government claims within six months of the filing of his motion to recuse the OCDA, or at the very least, he was required to file an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

application for extension within one year of that date.  His filing four years later was
untimely.

As "timely claim presentation is . . . a condition precedent to plaintiff's
maintaining an action . . . , and thus, an element of a plaintiff's cause of action," the
Court dismisses Wilkins's state law claims against all defendants.  *E.M.*, 194 Cal. App.
4th at 744.  Although Defendants County of Orange, Yellin, and Murray did not
specifically raise this issue in their motions to dismiss, the Court dismisses Wilkins's
state law claims against them as Wilkins has not pleaded facts to establish this element of
each of his state causes of action.

### B.      Federal Claims

Morrison, Vandiver, and Murray assert that Wilkins's federal claims are time-
barred under the applicable two-year statute of limitations.  (Morrison Mot. at 6;
Vandiver Mot. at 13; Murray Mot. at 12.)  Although these defendants correctly cite the
applicable statute of limitations, the Court concludes that at this juncture, questions of
fact remain with respect to how long *Heck v. Humphrey*, 512 U.S. 477 (1994), barred
Wilkins's claims.  In particular, questions of fact remain regarding whether Wilkins's
retrial was "insulated" from the fabrication and falsification of the traffic collision
reports, and when and if the falsified evidence was eventually excised from the retrial—
an essential determination for the application of *Jackson v. Barnes*, 749 F.3d 755 (9th
Cir. 2014).  Accordingly, the Court will not decide the time bar issue at the motion to
dismiss phase; instead, it will consider the other arguments set forth by the defendants on
a claim-by-claim basis.

### 1.      Malicious Prosecution

Wilkins asserts malicious prosecution claims pursuant to § 1983 against Morrison,
Vandiver, Yellin, and Murray.  (Compl. ¶ 88.)  Morrison and Vandiver move to dismiss
these claims because Wilkins cannot show that the criminal case was terminated in his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

favor, as required to state a claim for malicious prosecution.  (Morrison Mot. at 15;
Vandiver Mot. at 22.).  Yellin and Murray move to dismiss these claims on the grounds
that they are afforded absolute prosecutorial immunity against such claims.  (Yellin Mot.
at 16 (although not specifically noting malicious prosecution claim)); (Murray Mot. at
14.)  The Court concludes that Wilkins's malicious prosecution claims are properly
dismissed as to Morrison, Vandiver, Yellin, and Murray because Wilkins has failed to
allege facts demonstrating that the criminal case terminated in his favor.

     "In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must
show that the defendants prosecuted [him] with malice and without probable cause, and
that they did so for the purpose of denying [him] equal protection or another specific
constitutional right.'"  *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004)
(quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995))*.*  To state a
claim for malicious prosecution "requires 'the institution of criminal proceedings against
another *who is not guilty of the offense charged*' and that 'the *proceedings have
terminated in favor of the accused*.'"  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 919 (9th
Cir. 2012) (quoting Restatement (Second) of Torts § 653 (1977)) (emphases added); *see
also Heck*, 512 U.S. at 485 ("One element that must be alleged and proved in a malicious
prosecution action is termination of the prior criminal proceeding in favor of the
accused."); *Awabdy*, 368 F.3d 1068 (9th Cir. 2004) ("An individual seeking to bring a
malicious prosecution claim must generally establish that the prior proceedings
terminated in such a manner as to indicate his innocence.").  "Malicious prosecution
actions are not limited to suits against prosecutors but may be brought . . . against other
persons who have wrongfully caused the charges to be filed."  *Awabdy*, 368 F.3d at 1066.

     Here, Wilkins has not alleged that the criminal proceedings terminated in a
manner indicating his innocence.  Wilkins's first conviction was vacated and remanded
for consistent proceedings on the ground that the failure to instruct the jury on the escape
rule was not harmless error.  (Compl. ¶ 40); *People v. Wilkins*, 56 Cal.4th 333, 351
(2013).  The California Supreme Court decision provided no indication of Wilkins's
innocence, but rather, it focused on the trial court's obligation to provide a legally correct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

instruction requested by a defendant.  *See Wilkins*, 56 Cal.4th at 347 ("When a legally
correct instruction is requested, however, it should be given if it is supported by
substantial evidence, that is, evidence sufficient to deserve jury consideration.  In the
present case, defendant requested an instruction on the escape rule (CALCRIM No.
3261), and there was substantial evidence supporting the instruction." (quotation marks
omitted)); *see id.* at 351 n.6 ("The Court of Appeal held that the evidence was sufficient
to support defendant's conviction and we declined to review that issue.  Consequently,
there is no bar to defending being retried for felony murder.").  Moreover, on remand, the
prosecution pursued an implied malice homicide theory against Wilkins, but only because
Judge Goethals excluded felony murder as a theory of liability during the retrial as a
sanction against the prosecution for the failure to disclose the *Brady* evidence in the
previous trial.  Thus, the determination not to pursue a felony murder theory, again, does
not indicate Wilkins's innocence.  And, on retrial, a jury convicted Wilkins of second-
degree murder under an implied malice theory, and the Court of Appeal subsequently
modified the judgment to involuntary manslaughter.  Although Wilkins's culpability was
greatly reduced over the course of the various proceedings, the proceedings did not
terminate in a manner indicating his innocence; accordingly, the Court concludes that
Wilkins cannot state a claim for malicious prosecution against any of the defendants.

### 2.      Fabrication of Evidence

Wilkins brings claims for fabrication of evidence and falsification of evidence
pursuant to § 1983 against Morrison, Yellin, Vandiver, and Murray.  (Compl. ¶ 48.)  He
also brings claims for conspiracy to fabricate and falsify evidence pursuant to § 1983
against the same defendants.  (*Id.* ¶ 60.)  The defendants each move to dismiss.

Under *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001), a plaintiff can bring a
cause of action for the fabrication of evidence where government defendants (1)
deliberately fabricated evidence that was used to criminally charge, prosecute, and/or
convict the plaintiff; (2) continued their investigation of the plaintiff despite the fact that
they knew or should have known that he was innocent; or (3) used investigative

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

techniques that were so coercive and abusive that they knew or should have known those techniques would yield false information.  *Id.* at 1076; *see also* Model Civ. Jury Instr. 9th Cir. 9.33 (2021).  "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty."  *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017).  "To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question."  *Id.*

            **a.**       **Morrison**

Morrison contends that the Court should dismiss Wilkins's fabrication of evidence claim against him because Morrison "did not cause the prosecution to subject plaintiff to criminal charges, as there was an intervening event in the form of Murray's decision to pursue charges under the felony-murder rule," despite learning that the traffic collision reports had been falsified.  (Morrison Mot. at 11.)  Alternatively, Morrison asserts he is entitled to qualified immunity because Wilkins has not cited a case "clearly establishing that an officer can be held liable for fabrication of evidence in similar circumstances despite the independent decision of a prosecutor to withhold exculpatory evidence."  (*Id.* at 13.)  He argues that the conspiracy claim should be dismissed because Wilkins "cannot state a claim for fabrication of evidence in the first place."  (*Id.* at 11 (citing *San Diego Police Officers' Ass'n v. San Diego City Emp. Ret. Sys.*, 568 F.3d 725, 740 (9th Cir. 2009)).

The Court rejects Morrison's arguments and declines to dismiss Wilkins's fabrication of evidence claim.  First, Morrison's argument as to causation is not persuasive.  One of the primary case Morrison cites, *Caldwell v. City and County of San Francisco*, 889 F.3d 1105 (9th Cir. 2018), actually supports Wilkins's claim.  *Caldwell*

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                          Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

specified that "a § 1983 plaintiff need not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty—being criminally charged is enough." *Id.* at 1115.  Here, Morrison's proposed "intervening event,"—Chief Beeuwsaert's disclosure to the prosecution—did not occur until mid-way through Wilkins's trial—well after Wilkins had been charged with first-degree murder.  Moreover, to the extent the prosecution's "independent judgment" could break the chain of causation, *Caldwell* specifically states that "[d]eliberately fabricated evidence in a prosecutor's file can rebut any presumption of prosecutorial independence." *Id.* at 1116.  The Court can reasonably infer that the prosecution had the fabricated traffic collision reports in its files throughout the decision to charge Wilkins with a crime.  Thus, no intervening event disrupted the chain of causation between the fabricated traffic collision reports and Wilkins being charged with first-degree murder; this argument provides no grounds for dismissal.

Second, Morrison's assertion of qualified immunity also fails as Wilkins has adequately alleged that Morrison violated Wilkins's clearly established constitutional rights.  "[T]here is a clearly established constitutional right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux*, 263 F.3d at 1074-75.  This right was clearly established in 2006 when Morrison destroyed and fabricated the traffic collision reports. *See id.*; *see also Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013) ("In [*Devereaux*], we held that there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence deliberately fabricated by the government." (quotations omitted)).

Accordingly, the Court declines to dismiss this claim against Morrison.  As Morrison argues only that Wilkins's conspiracy to fabricate evidence claim fails because Wilkins fails to state a fabrication of evidence claim, the Court also denies Morrison's Motion as to the conspiracy claim.  (*See* Morrison Mot. at 11 (citing *San Diego Police Officers' Ass'n v. San Diego City Emp. Ret. Sys.*, 568 F.3d 725, 740 (9th Cir. 2009), for the proposition that the "absence of any actional constitutional violation negates by definition the existence of a conspiracy to violate constitutional rights").)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                          Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

           **b.        Yellin and Murray**

       Yellin and Murray contend that the Court should dismiss Wilkins's fabrication of
evidence claims against them on the grounds that they are absolutely immune from civil
liability for actions taken when acting within the scope of their duties in initiating and
prosecuting a case.  (*See* Yellin Mot. at 16; Murray Mot. at 15.)

       The Court agrees and dismisses Wilkins's fabrication of evidence claims against
Yellin and Murray.  "[I]n initiating a prosecution and in presenting the State's case, the
prosecutor is immune from a civil suit for damages under s 1983."  *Imbler v. Pachtman*,
424 U.S. 409, 431 (1976).  "A state prosecutor is entitled to absolute immunity from
liability under § 1983 for violating a person's federal constitutional rights when he or she
engages in activities 'intimately associated with the judicial phase of the criminal
process.'"  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir, 2003) (quoting *Imbler*, 424
U.S. at 430).  Such activities include "the knowing use of false testimony at trial," and the
"decision not to preserve or turn over exculpatory material before trial, during trial, or
after a conviction."  *Id.* at 1030.

       Here, Wilkins does not allege that Yellin or Murray actually fabricated or
destroyed the relevant traffic reports; instead, Wilkins alleges they presented the altered
reports at his first trial, concealed the exculpatory information, and failed to correct the
fabrication and concealment.  (Compl. ¶ 50.)  These actions mirror, or closely resemble,
the actions cited by the Ninth Circuit in *Broam*, and Yellin and Murray are therefore
entitled to absolute immunity.  *See Broam*, 320 F.3d at 1030 (these activities are
nonetheless "exercise[s] of the prosecutorial function and entitle[] the prosecutor to
absolute immunity from a civil suit for damages").

       Wilkins's claims for fabrication of evidence are therefore dismissed against Yellin
and Murray, as are his claims for conspiracy to fabricate evidence.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                          Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

c.     **Vandiver**

Vandiver moves to dismiss Wilkins's fabrication of evidence and conspiracy to fabricate or conceal evidence against him as factually deficient.  (Vandiver Mot. at 17-19.)

The Court agrees and dismisses the fabrication of evidence claim against Vandiver.  Wilkins contends that Vandiver both fabricated evidence and continued his investigation of Wilkins despite the fact he knew or should have known that Wilkins was innocent, (Vandiver Opp. at 10-11.), but he fails to allege sufficient facts to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  Wilkins has alleged essentially one fact as to Vandiver: that when Heckenkemper voiced his disagreement about having his report changed, Vandiver responded that he did not want to hear about it.  (Compl. ¶ 28.)  This fact does not support an inference that Vandiver either fabricated evidence or continued to investigate Wilkins despite knowing he was innocent.  Although the altered traffic reports were relevant to Wilkins's culpability for the incident, there remained adequate facts to support investigation: for instance, there was still evidence that Wilkins stole the stove and that the stove was a factor in causing collisions on the freeway.  Thus, Heckenkemper's statement does not support the inference that Vandiver "knew or should have known" that Wilkins was innocent.  Wilkins has not pleaded sufficient facts to state a plausible claim for fabrication of evidence.

Likewise, this single fact is insufficient to support that Vandiver conspired to alter the traffic collision reports or pursue a felony murder charge against Wilkins; it does not "demonstrate[e] the existence of 'an agreement or meeting of the minds to violate constitutional rights.'"  *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

3. ***Brady* Violations**

Wilkins brings claims for *Brady* violations pursuant to § 1983 against Morrison, Yellin, Vandiver, and Murray.  (Compl. ¶ 67.)  He also asserts claims for conspiracy to commit *Brady* violations.  (Compl. ¶ 78.)  The defendants each move to dismiss on separate grounds.

"Under *Brady*, 'suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *Hovey v. Ayers*, 458 F.3d 892, 916 (9th Cir. 2006) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).  "To prevail on a *Brady* claim, '[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'"  *Id.* (quoting *Banks v. Dretke*, 540 U.S. 668, 691 (2004)).

No defendant contends that the fabrication and destruction of the original traffic collision reports was not *Brady* evidence; rather, the defendants each assert separate reasons they are not liable for the failure to turn over the evidence.  The Court addresses the separate reasons in turn.

**a.    Morrison**

Morrison asserts that Wilkins "cannot state a claim for a *Brady* violation against [him] because the information regarding the changes to the traffic reports were not withheld from prosecutors."  (Morrison Mot. at 14.)  Morrison cites the fact that CHP Chief Beeuwsaert "told Murray about the changed traffic reports, but Murray chose to pursue a conviction against Wilkins under the felony-murder rule anyway."  (*Id.*)  Alternatively, Morrison asserts that he is entitled to qualified immunity because he did not violate clearly established law.  (*Id.*)

"[T]he suppression of *Brady* material violates due process."  *Tennison v. City and Cnty. of San Francisco*, 570 F.3d 1078, 1088 (9th Cir. 2009).  *Brady* imposes a duty on

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                                   Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

police officers and investigators to "disclose exculpatory information to the prosecutor." *Id.* at 1090.  To prevail on a § 1983 claim for a *Brady* violation, a plaintiff "must show that police officers acted with deliberate indifference to or reckless disregard for an accused's rights or for the truth in withholding evidence from the prosecutors." *Id.* at 1089.

Qualified immunity shields government officials from liability unless their actions "violate 'clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  The "salient question" for qualified immunity's clearly established law prong is whether the state of the law at the time of alleged constitutional violation provided "fair warning" to the defendant that his conduct was unconstitutional.  *See Hardwick v. County of Orange*, 844 F.3d 1112, 1117 (9th Cir. 2017).  The law is clearly established if a "reasonable officer would have been on notice" that his conduct was unconstitutional.  *Nelson v. City of Davis*, 685 F.3d 867, 884 (9th Cir. 2012).

Wilkins has plainly alleged facts sufficient to illustrate that Morrison "acted with deliberate indifference to or reckless disregard for an accused's rights or for the truth in withholding evidence from the prosecutors." *Tennison*, 570 F.3d at 1089.  Wilkins alleges that Morrison falsified the traffic collision reports and destroyed the original reports "because Wilkins was being charged with felony murder, and law enforcement wanted the PCFs in the three collisions to be consistent." (Compl. ¶ 28.)  *Brady* requires officers to disclose exculpatory evidence to the prosecution.  Morrison was an officer in possession of material, exculpatory evidence, and he not only failed to disclose that evidence to the prosecution, but he destroyed that evidence, falsified inculpatory evidence, and never disclosed that he falsified the inculpatory evidence.  A set of facts could not indicate a more brazen disregard for the accused's rights or the truth.

The Court rejects Morrison's qualified immunity argument.  Wilkins had a clearly established due process right not to have material, exculpatory evidence suppressed from his defense. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

150 (1972).  In fabricating inculpatory evidence, destroying exculpatory evidence, and failing to disclose his tampering with the evidence to the prosecution, Morrison violated this clearly established right.  Any reasonable officer in his position would have known that this conduct was unconstitutional.  Even if multiple individuals, including the prosecutor at trial, all violated Wilkins's constitutional rights under *Brady*, that fact does not relieve Morrison of his obligations under *Brady*, or affect the level of particularity with which the Court defines the constitutional right itself.

Accordingly, the Court denies Morrison's Motion as to Wilkins's *Brady* claim.  As Morrison argues only that Wilkins's *Brady* conspiracy claim fails because Wilkins fails to state a *Brady* claim, the Court also denied Morrison's Motion as to the *Brady* conspiracy claim.  (*See* Morrison Mot. at 14.)

### b.    Yellin and Murray

Yellin and Murray contend that they are entitled to absolute prosecutorial immunity for any failure to turn over *Brady* evidence.  (Yellin Mot. at 16; Murray Mot. 14.)  The Court agrees.  *See Broam*, 320 F.3d at 1030 ("A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under [*Brady*.]  It is, nonetheless an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages.").  Wilkins's *Brady* claims against Yellin and Murray are dismissed as are Wilkins's conspiracy to commit *Brady* violations claims.

### c.    Vandiver

Vandiver asserts that Wilkins's *Brady* claims against him should be dismissed because (1) Vandiver did not alter or destroy any reports, and (2) Murray was advised of the altered reports while the first trial was still ongoing.  (Vandiver Mot. at 21.)  He argues the conspiracy claim against him should be dismissed because Wilkins cannot

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

state a *Brady* claim.  (*Id.* at 21 (citing *San Diego Police Officers' Ass'n*, 568 F.3d at 740).)

The Court is not persuaded by Vandiver's arguments.  The first contention is irrelevant to the *Brady* inquiry.  *Brady* asks whether the evidence is favorable to the accused, whether the evidence was suppressed, and whether the evidence is material such that its suppression prejudiced the defendant.  *Hovey*, 458 F.3d at 916.  Vandiver's role in the creation of the *Brady* evidence is separate and apart from his obligation to disclose that evidence to the prosecution once he became aware of it.  What is more, Vandiver does not contest that the information regarding the traffic collision reports is in fact *Brady* evidence.  Thus, this argument side-steps the key inquiry under *Brady*.

Likewise, the Court is not persuaded that CHP Chief Beeuswaert's disclosure of the *Brady* evidence to the prosecutor at trial relieves Vandiver's *Brady* obligations as an OCDA investigator to inform the prosecution of potentially exculpatory evidence, particularly when it seems he was aware of this information well in advance of trial.  (*See* Compl. ¶ 28.)  *Brady* imposes a duty on police officers and investigators to "disclose exculpatory evidence to the prosecutor."  *Tennison*, 570 F.3d at 1090.  Vandiver was an investigator in possession of information related to exculpatory information.  What is more, Vandiver cites no case supporting that this would otherwise relieve him of his *Brady* obligations.

Accordingly, the Court declines to dismiss Wilkins's *Brady* claim and *Brady* conspiracy claim against Vandiver at this stage.

### 4.    Municipal Liability Claims

In addition to the claims against the individual defendants, Wilkins asserts three claims against the County: (1) ratification of the deprivation of his civil rights; (2) failure to train its attorneys, investigators, and other employees, in particular, with respect to creating and presenting at trial false and fabricated evidence; and (3) maintaining unconstitutional customs, practices, or policies with respect to the presentation of false evidence by prosecutors and investigators.  (Compl. ¶¶ 98-126.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                     Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

The County moves to dismiss all three claims.  It contends that "Plaintiff[']s claims against the County arise from the acts of prosecutors within the OCDA's office," and based on Ninth Circuit precedent, "a district attorney represents the state and not the County."  (Yellin Mot. at 20.)  "As such, because the prosecutors in this action are actors of the state and not the County, the County is not a policymaker and does not have final policymaking authority for prosecutors at issue in this action," and therefore, these claims fail.  (*Id.*)

"Pursuant to 42 U.S.C. § 1983, a local government may be liable for constitutional torts committed by its officials according to municipal policy, practice, or custom." *Goldstein v. City of Long Beach*, 715 F.3d 750, 753 (9th Cir. 2013) (quoting *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000)).  "To hold a local government liable for an official's conduct, a plaintiff must first establish that the official (1) had final policymaking authority concerning the action . . . at issue and (2) was the policymaker for the local governing body for purposes of the particular act." *Id.* (quoting *Weiner*, 210 F.3d at 1028).  "States and state officials acting in their official capacities cannot be sued for damages under Section 1983." *Id.*  Whether an official acts "as a policymaker for the state or for the county" is a determination "made on a function-by-function approach by analyzing under state law the organizational structure and control over the district attorney." *Id.*  Although federal courts "must look at the relevant state law and state courts' characterizations of that law, the final determination under 42 U.S.C. § 1983 is a federal law statutory interpretation question; no deference is due to the ultimate conclusion of the California court that the provisions, taken as a whole, indicate the district attorney was a state actor under Section 1983 for any particular function." *Id.* at 760-61.

The Ninth Circuit has previously held that "under California law a county district attorney acts as a state official when deciding whether to prosecute an individual." *Weiner*, 210 F.3d at 1030.  The Ninth Circuit noted in particular that "[a]ll relevant California cases, including [*Pitts v. County of Kern*, 17 Cal.4th 340 (1998)], have held

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

that district attorneys are state officers for the purpose of investigating and proceeding
with criminal prosecutions." *Id.*

In *Pitts v. County of Kern*, 17 Cal.4th 340 (1998), the California Supreme Court
held that "when preparing to prosecute and when prosecuting criminal violations of state
law, a district attorney represents the state and is not a policymaker for the county," *id.* at
362, as well as that "a district attorney acts on behalf of the state when training personnel
for and when developing policy regarding the preparation for prosecution and
prosecution of criminal violations of state law," *id.* at 366.

In light of the Ninth Circuit's previous statements in *Goldstein* and *Weiner*, and
the California Supreme Court's unequivocal statements in *Pitts*, the Court concludes that
a district attorney acts on behalf of the state in the investigation and prosecution of an
individual for criminal violations of state law as well as when training and developing
policies regarding the preparation and prosecution of criminal violations of state law.
Here, Wilkins's claims against the County are based on actions falling squarely within
these parameters: his claims are based on the ratification of actions taken during a
criminal prosecution, the failure to train attorneys and investigators with respect to
evidence presented in criminal trials, and the maintenance of unconstitutional policies
related to evidence presented in criminal trials.

Although federal courts need not defer to California courts, the Ninth Circuit has
indicated a reluctance to directly contradict the California Supreme Court's
characterizations of California government entities.  *See Goldstein*, 715 F.3d at 761-62
(taking care not to disrupt the California Supreme Court's conclusion in *Pitts* and making
efforts to distinguish the question confronted from the one presented in *Pitts*).  The
conduct for which Wilkins seeks to assert liability is at the core of the criminal
prosecutorial process, and to conclude that the district attorney's office, or supervisory
Does at the district attorney's office, were acting as policymakers on behalf of the
County, as opposed to as representatives of the state, would directly contradict the
California Supreme Court's conclusions on the matter.  Wilkins provides no persuasive
justifications to the contrary.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                                Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

Accordingly, the Court concludes that any individuals involved were not acting as policymakers for the County; therefore, Wilkins cannot state claims for municipal liability against the County.

### C.    Remaining Issues

#### 1.    Punitive Damages

Yellin moves the Court to strike Wilkins's prayer for punitive damages against Yellin.  (Yellin Mot. at 23.)  As the Court has dismissed all claims as to Yellin, it does not reach this issue.

Vandiver also requests that the punitive damages against him should be dismissed. (Vandiver Mot. at 28.)  As the Court concludes that Wilkins may proceed on his *Brady* claim and *Brady* conspiracy claim against Vandiver, the Court declines to dismiss Wilkins's request for punitive damages against Vandiver at this time.  *See Herrera v. Las Vegas Metro. Police Dept.*, 298 F. Supp.2d 1043, 1055-56 (D. Nev. 2004) (declining to preclude remedy of punitive damages when factual disputes remained).

#### 2.    Leave to Amend

The County and Yellin (Yellin Mot. at 25) specifically request that the Court grant their joint motion without leave to amend because "any amendment to Plaintiffs' Complaint as to Yellin would be futile because his actions, conduct, and decision-making regarding withholding of exculpatory evidence . . . is . . . protected by absolute immunity," as well as because "the County is not the policymaker for *Brady* obligations or the disclosure of exculpatory evidence."  (*Id.* at 25-26.)  The Court agrees that any amendment would be futile in light of these reasons, and it grants the County and Yellin's request to dismiss the claims asserted against them with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:20-cv-02417-JLS-DFM                Date: November 04, 2021
Title: Cole Wilkins et al v. State of California, et al

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss as follows:

- Wilkins's state law claims for false imprisonment, negligence, intentional infliction of emotional distress, loss of consortium, and violation of Cal. Civ. Code § 52.1 (Claims 9-13) are dismissed without leave to amend as the Court has determined that these claims are time-barred as a matter of law.

- Wilkins's claim for malicious prosecution (Claim 5) is dismissed without leave to amend as the Court has determined that the criminal proceedings did not terminate in Wilkins's favor as a matter of law.

- Wilkins's claims for the fabrication of evidence and conspiracy to fabricate evidence (Claims 1-2) are dismissed with leave to amend as to Vandiver.  These claims are dismissed without leave to amend as to Yellin and Murray because the Court has determined they are entitled to prosecutorial immunity as a matter of law.

- Wilkins's *Brady* claims and *Brady* conspiracy claims (Claims 3-4) are dismissed without leave to amend as to Yellin and Murray because the Court has determined they are entitled to prosecutorial immunity as a matter of law.

- Wilkins's municipal liability claims against the County (Claims 6-8) are dismissed without leave to amend because the Court has determined that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:20-cv-02417-JLS-DFM                    Date: November 04, 2021
Title:  Cole Wilkins et al v. State of California, et al

the County was not the relevant policymaker as a matter of law.

The Court DENIES Defendants' Motions to Dismiss as to:

- Wilkins's claim for the fabrication of evidence and conspiracy to fabricate evidence (Claims 1-2) against Morrison.

- Wilkins's *Brady* claim and *Brady* conspiracy claim (Claims 3-4) against Morrison and Vandiver.

Wilkins is given leave to file a First Amended Complaint within **21 days** of this Order to remedy deficiencies regarding Wilkins's claims for the fabrication of evidence and conspiracy to fabricate evidence (Claims 1-2) against Vandiver.  Failure to file a First Amended Complaint by that date shall be deemed consent to the dismissal of those claims with prejudice.  Wilkins may not amend to add new parties or claims.

Initials of Deputy Clerk: djl