1  WOODRUFF, SPRADLIN & SMART, APC
   DANIEL K. SPRADLIN – State Bar No. 82950
2  dspradlin@wss-law.com
   JEANNE L. TOLLISON – State Bar No. 238970
3  jtollison@wss-law.com
   ROBERTA A. KRAUS – State Bar No. 117658
4  bkraus@wss-law.com
   555 Anton Boulevard, Suite 1200
5  Costa Mesa, California 92626-7670
   Telephone: (714) 558-7000
6  Facsimile: (714) 835-7787

7  Attorneys for Defendant WESLEY VANDIVER, as an employee of the
   County of Orange, a public entity
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| COLE WILKINS, | CASE NO.: 8:20-cv-02417-JLS (DFMx) |
|---|---|
| Plaintiff, | BEFORE THE HONORABLE JOSEPHINE L. STATON COURTROOM 8A |
| v. | |
| WESLEY VANDIVER; JOSEPH MORRISON and DOES 1-10, | **DEFENDANT VANDIVER'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Defendants. | |
| | HEARING DATES PENDING: Type: Vandiver's Motion to Dismiss Date: May 13, 2022 Time: 10:30 a.m. Ctrm: 8A |
| | Type: Final Pretrial Conference Date: October 14, 2022 Time: 10:30 a.m. Ctrm: 8A |
| | ACTION FILED: December 23, 2020 TRIAL DATE: None |

///

///

///

1

1680508.1

Defendant WESLEY VANDIVER, as an employee of the COUNTY OF ORANGE, a public entity ("Vandiver"), submits the following memorandum of points and authorities in reply to the opposition filed by Plaintiff COLE WILKINS ("Plaintiff") to Vandiver's motion to dismiss Plaintiff's first amended complaint.

DATED: April 29, 2022　　　　　　　WOODRUFF, SPRADLIN & SMART, APC

By: /s/ *Roberta A. Kraus*
　　DANIEL K. SPRADLIN
　　JEANNE L. TOLLISON
　　ROBERTA A. KRAUS
　　Attorneys for Defendant WESLEY VANDIVER, as an employee of the County of Orange, a public entity

2

1680508.1

# TABLE OF CONTENTS

Page

1. INTRODUCTION ................................................................................5
2. VANDIVER IS ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S FIRST AMENDED COMPLAINT .......................................5
3. THE FIRST CLAIM FOR FABRICATION OF EVIDENCE AND SECOND CLAIM FOR CONSPIRACY TO FABRICATE EVIDENCE SHOULD BE DISMISSED................................................................................8
4. VANDIVER'S REQUEST FOR JUDICIAL NOTICE IS PROPER ...........10
5. CONCLUSION ...............................................................................10

1680508.1

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................. 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................... 8

*City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500 (2019) ................................... 6

*D.C. v. Wesby*, 138 S. Ct. 577 (2018) ..................................................................... 6

*Devereaux v. Abbey*, 263 F.3d (9th Cir. 2001) ....................................................... 8

*Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997) ............................................... 8

*Jones v. Tozzi*, No. 1:05-CV-0148 OWW DLB, 2006 WL 1582311,
   at *10 (E.D. Cal. June 2, 2006) ........................................................................ 8

*Kisela v. Hughes*, 138 S. Ct. 1148 ......................................................................... 6

*Mendocino Environmental Ctr. v. Mendocino County*, 192 F.3d 1283
   (9th Cir. 1999) .................................................................................................. 9

*Shafer v. County of Santa Barbara*, 868 F.3d 1110 (9th Cir. 2017) ..................... 6

*Simmons v. Poe*, 47 F.3d 1370 (4th Cir. 1995) ...................................................... 8

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ........................ 8

*Woodrum v. Woodward County*, 866 F.2d 1121 (9th Cir. 1989) .......................... 8

**OTHER**

Model Civil Jury Instructions 9th Cir. 9.33 (2021) ................................................ 8

1680508.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff alleges that during his first criminal trial exculpatory evidence consisting of altered traffic collision reports was withheld from his criminal defense attorneys resulting in his conviction for murder. Plaintiff has alleged no facts to show that Vandiver himself altered the reports or that he told anyone else to alter the reports. The only fact allegation Plaintiff has made against Vandiver is that at some point either just before or after the start of Plaintiff's first criminal trial[1] Vandiver was told that the traffic collisions reports had been altered and Vandiver's response was "I don't want to hear about it; I would have to testify to it," *or words to that effect* and that Vandiver did not disclose this information.[2] FAC, ¶¶23, 36, 46, 48, 62, 64. From this single factual allegation, which Plaintiff repeats over and over again, Plaintiff then extrapolates that Vandiver fabricated evidence or conspired to fabricate evidence and destroyed or concealed exculpatory evidence. This single factual allegation, then, is the sole basis of Plaintiff's claims against Vandiver. As shown in his moving papers, and as further discussed below, Plaintiff's claims against Vandiver for fabrication of evidence/false evidence violations and conspiracy to fabricate/falsify evidence should be dismissed. Further, Plaintiff's entire action against Vandiver should be dismissed based on qualified immunity.

## 2. VANDIVER IS ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiffs argue that Vandiver is not entitled to qualified immunity because the law was clearly established "by 2006 that government actors are not allowed to destroy, fabricate, and fail to correct the destruction and fabrication of evidence in an

---

[1] In his opposition to Vandiver's motion to dismiss, Plaintiff clarifies that Vandiver was told about the altered traffic collision report in April 2008, *after* the start of the criminal trial. Opposition, Dkt. 70, 8:12-16.

[2] By this motion Vandiver in no way concedes that he was, in fact, ever told about the altered traffic collision reports but accepts it only as an allegation Plaintiff is making in his first amended complaint.

5

1680508.1

effort to secure a conviction." Opposition, Dkt. 70, 11:23-25. This, however, is not the allegation made against Vandiver. The allegation against Vandiver is that upon being told about the changed traffic collision report, he did not disclose this information. FAC, ¶¶23, 36, 46, 48, 62, 64. The prosecutor, however, was told about this by another individual during the course of the first trial and then made the decision to continue to pursue felony murder.

In his opposition, Plaintiff only cites to cases that set out generalized statements of the law regarding the destruction or fabrication of evidence in order to secure a conviction. Opposition, Dkt. 70, 11:25-12:20. Plaintiff's citation to such cases containing such generalized statements of the law is insufficient to overcome Vandiver's qualified immunity defense.

Plaintiff has not identified any case law holding an investigator liable for failing to disclose altered evidence where that altered evidence was disclosed by another to the prosecutor. To defeat Vandiver's qualified immunity defense, Plaintiff must cite case law that "squarely governs" the circumstances in this case. *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018); *see also City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019). A public employee cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it. "That is a necessary part of the qualified-immunity standard. . ." *Kisela* at 1153. "The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *D.C. v. Wesby*, 138 S. Ct. 577, 590 (2018). "Otherwise, the rule is not one that 'every reasonable official' would know." *Id*. Finally, it is a plaintiff's burden to show that the rights allegedly violated were clearly established in 2008 when the first trial took place. See *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017).

Here, the issue against Vandiver is not whether or not he destroyed or fabricated evidence in order to obtain a conviction. There are no facts alleged

1680508.1

showing that he did so. The relevant issue is whether an investigator for a district attorney's office would have been on notice that he was required to disclose to the prosecutor that a traffic collision report had been altered when that information was disclosed to the prosecutor by another individual and the prosecutor deemed the alteration not significant. For that, essentially, is Plaintiff's case against Vandiver.

The only facts contained in Plaintiff's first amended complaint as to Vandiver is that he was told (*after the fact and after the start of the criminal trial*) by Heckenkemper that his collision report "had" been changed and that Heckenkemper did not agree with the change. Plaintiff also asserts that Vandiver did not disclose this information. Plaintiff concedes, however, that after the start of the first criminal trial, the information regarding the altered traffic collision reports was disclosed to the prosecutor, who essentially deemed the information not significant and did not disclose it to Plaintiff's criminal defense attorney. These facts do not in any way show that Vandiver himself altered any evidence, ordered the alteration of any evidence or was aware of any order to or of the altering of evidence prior to the traffic collision reports actually being changed. And despite Plaintiff's repeated, unsupported assertions that Vandiver altered evidence or destroyed evidence, his own fact statements do not support this claim.

Thus, based on the facts in the first amended complaint, the allegation being made against Vandiver is that he, an investigator in the Orange County District Attorney's office, was advised that a traffic collision report had been altered, which information he did not disclose, but it was disclosed by another person to the prosecutor, who in turn did not disclose it to the criminal defense attorney. Plaintiff has not cited a single case that would have put Vandiver on notice that his conduct under these facts was a violation of existing law. As such, Vandiver is entitled to qualified immunity.

///

///

7

### 3. THE FIRST CLAIM FOR FABRICATION OF EVIDENCE AND SECOND CLAIM FOR CONSPIRACY TO FABRICATE EVIDENCE SHOULD BE DISMISSED

A plaintiff must plead enough *facts* to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All allegations of material fact in the complaint "are taken as true and construed in the light most favorable to the non-moving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id*. Mere legal conclusions "are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 679.

In discussing conspiracy claims, courts have held that a conspiracy allegation requires more than a conclusory accusation that a defendant conspired to deprive a plaintiff of his civil rights -- bare allegations that one defendant conspired with another are insufficient. *Jones v. Tozzi*, No. 1:05-CV-0148 OWW DLB, 2006 WL 1582311, at *10 (E.D. Cal. June 2, 2006) (citing *Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126-27 (9th Cir. 1989).

Under *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001), a plaintiff can bring a cause of action for fabrication of evidence where government defendants (1) deliberately fabricated evidence that was used to criminally charge, prosecute and/or convict the plaintiff; (2) continued their investigation of the plaintiff despite the fact that they knew or should have known that he was innocent; or (3) used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information. *Id.* at 1076; Model Civ. Jury Instr. 9th Cir. 9.33 (2021). And a conspiracy claim must expressly allege facts "demonstrating an agreement between or a 'meeting of the minds' of the defendants to violate the plaintiff's constitutional rights." See *Simmons v. Poe*, 47 F.3d 1370, 1376

(4th Cir. 1995); see also *Woodrum*, 866 F.2d at 1126; and *Mendocino Environmental Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999).

Plaintiff's opposition improperly relies on unwarranted conclusions and assumptions – not facts – to justify their fabrication of evidence and conspiracy to fabricate evidence claims against Vandiver. The only *factual* allegation against Vandiver that is contained in Plaintiff's first amended complaint is that after Heckenkemper's traffic collision report was altered and the original report destroyed, Heckenkemper voiced to Vandiver his disagreement about having his report changed and Vandiver responded that he did not want to hear about it. FAC, ¶23. The report had been prepared in 2006 and Vandiver was not told about it until April 2008, *while the criminal trial was ongoing*. Opposition, Dkt. 70, 8:12-16. The first amended complaint also asserts that the prosecuting DA – Murray – was advised about the changed reports while the first trial was ongoing, and he stated it did not matter and he still was pursuing felony murder against Wilkins. FAC, ¶31.

There are no facts alleged that Vandiver participated in the alteration or concealment of the police reports or in the decision to pursue felony murder against Plaintiff or that he participated in the prosecution of Plaintiff or that he investigated or participated in the investigation into Plaintiff's crimes. Plaintiff tries to argue in his opposition that Vandiver is liable because continued his investigation despite knowing Plaintiff was innocent. Opposition, Dkt. 70, 6:16-21. But Plaintiff was not innocent. Indeed, after his second criminal trial, which had been cleansed of the fabricated evidence by the exclusion of felony murder as a theory of liability, Plaintiff was found guilty of second degree murder under an implied malice theory and his sentence was reduced from 26-years-to-life in prison to 16-years-to-life in prison. FAC, ¶39. Further, there are no facts alleged that Vandiver in any way conspired with anyone to change the traffic collision reports or destroy the original ones.

Thus, as with the original complaint, the only fact alleged against Vandiver is that he was told by Heckenkemper, after the fact and after the criminal trial had

9

started, that Morrison had destroyed Heckenkemper's report and changed the PCF to "other than driver" and Vandiver responded to Heckenkemper that he did not want to hear about it and that he would have to testify about it. This fact does not show that. Vandiver fabricated any evidence nor does it show he conspired to fabricate evidence. Accordingly, Plaintiff's claims against Vandiver for fabrication of evidence and conspiracy to fabricate evidence should be dismissed.

**4.     VANDIVER'S REQUEST FOR JUDICIAL NOTICE IS PROPER**

Vandiver has asked this Court to take judicial notice of Supplemental Exhibits submitted by Plaintiff's criminal defense attorney in support of his motion to dismiss for outrageous governmental misconduct. As Vandiver showed in his moving papers and in his request for judicial notice, Plaintiff's counsel in this case has cited some of the evidence contained in this document in Plaintiff's first amended complaint; however, the evidence has been miscited. Because Plaintiff has quoted and relied on some of the evidence contained in the attached Supplemental Exhibits, it is appropriate for this court to take judicial notice of it when ruling on Vandiver's motion to dismiss.

**5.     CONCLUSION**

For the reasons stated above an in the moving papers, Plaintiff's first amended complaint against Defendant Wesley Vandiver should be dismissed.

DATED: April 29, 2022         WOODRUFF, SPRADLIN & SMART, APC

By: /s/ *Roberta A. Kraus*
    DANIEL K. SPRADLIN
    JEANNE L. TOLLISON
    ROBERTA A. KRAUS
    Attorneys for Defendant WESLEY VANDIVER, as an employee of the County of Orange, a public entity

10

1680508.1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On April 29, 2022, I served the foregoing document(s) described as **DEFENDANT VANDIVER'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 29, 2022, at Costa Mesa, California.

/s/ *Vilay Lee*
VILAY LEE

11

1680508.1

**COLE WILKINS v. WESLEY VANDIVER, et al.**

**USDC, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NO.: 8:20-cv-02417-JLS (DFMx)**

**ASSIGNED FOR ALL PURPOSES TO**
**HONORABLE JOSEPHINE L. STATON**
**COURTROOM 10A**

**SERVICE LIST**

| | |
|---|---|
| LAW OFFICES OF DALE K. GALIPO<br>Dale K. Galipo, Esq.<br>Renee V. Masongsong, Esq.<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, CA 91367<br>Telephone: (818) 347-3333<br>Facsimile: (818) 347-4118<br>Email: dalekgalipo@yahoo.com<br>         rvalentine@galipolaw.com | Attorneys for Plaintiff<br>**COLE WILKINS** |
| Iveta J. Ovsepyan, Esq.<br>Donna M. Dean, Esq.<br>CAAG – Office of Attorney General<br>California Department of Justice<br>300 South Spring Street, Suite 1702<br>Los Angeles, CA 90013-1230<br>Telephone: (213) 269-6606 / (213) 269-6509<br>Facsimile: (916) 731-2120<br>Email: iveta.ovsepyan@doj.ca.gov<br>         donna.dean@doj.ca.gov | Attorneys for Defendant<br>**JOSEPH MORRISON** |

4/7/21

1680508.1