1 | WOODRUFF, SPRADLIN & SMART, APC
DANIEL K. SPRADLIN - State Bar No. 82950
2 | dspradlin@wss-law.com
JEANNE L. TOLLISON - State Bar No. 238970
3 | jtollison@wss-law.com
555 Anton Boulevard, Suite 1200
4 | Costa Mesa, California 92626-7670
Telephone: (714) 558-7000
5 | Facsimile: (714) 835-7787

6 | Attorneys for Defendant WESLEY VANDIVER, as an employee of
7 | the County of Orange, a public entity

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

11 | COLE WILKINS, | CASE NO.: 8:20-cv-02417-JLS (DFMx)

12 | Plaintiff, |

13 | v. | BEFORE THE HONORABLE JOSEPHINE L. STATON

14 | WESLEY VANDIVER; JOSEPH MORRISON and DOES 1-10, | **DEFENDANT WESLEY VANDIVER'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE PLAINTIFF'S CRIMINAL HISTORY**

15 | Defendants. |

16 | |

17 | | HEARING DATES PENDING:

18 | | Type: Final Pretrial Conference

19 | | Date: January 20, 2023
Time: 10:30 a.m.
Ctrm: 8A

20 | | ACTION FILED: December 23, 2020

21 | | TRIAL DATE: None.

22

23 | Defendant WESLEY VANDIVER, as an employee of the County of Orange, a

24 | public entity ("Vandiver") submits the following memorandum of points and

25 | authorities in opposition to motion in limine no. 1 brought by Plaintiff COLE

26 | WILKINS ("Plaintiff") to exclude Plaintiff's criminal history.

27 | ///

28 | ///

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

By his motion in limine, Plaintiff seeks a blanket order excluding any and all evidence pertaining to his lengthy criminal history. Using broad categories and no specificity, Plaintiff outlines the criminal history he seeks to exclude as follows:

(1) [all] contacts with law enforcement, including arrests, convictions, periods of parole, probation, and incarceration that occurred prior to the July 7, 2006 incident involving the stove;

(2) the details regarding Plaintiff's theft of the stove and other appliances on or around July 7, 2006;

(3) Plaintiff's probation report(s);

(4) transcripts and reports pertaining to any sentencing proceeding against Plaintiff, including victim impact statements and evidence taken into consideration in sentencing Plaintiff in 2008, 2017, and 2020;

(5) any misconduct on Plaintiff's part such as fights or other disciplinary issues while incarcerated between 2006 and 2020;

(6) deposition testimony by Plaintiff that his incarceration gave him violent tendencies;

(7) any bad acts committed by Plaintiff subsequent to his release in 2020.

Motion, 2:7-17; 4:5-20.

Plaintiff's request is overly generalized, making it impossible for both Defendants and this Court to determine if the material is admissible or should be excluded. Plaintiff's request also is overly broad and clearly includes matters that would be relevant to the issues he has raised in this litigation, including the issue of damages. It appears that Plaintiff would like the jury to consider his claims against Vandiver in a vacuum and exclude from the jury information relating to his criminal trials in this particular matter, including information that went into the decision of the district attorney to pursue felony murder and to withhold *Brady* evidence, as well as

1736887.1

the factors that went into the judge's sentencing of him after the first and second trial. In essence, Plaintiff seeks to blame the two Defendants in this civil lawsuit for all of his past and present problems and conceal from the jury the truth – that a myriad of factors went into the district attorney's decision to pursue criminal charges against him, what those criminal charges would be, and the lengths of the sentences imposed on him. Plaintiff also seeks to exclude from the jury information that would be pertinent to his claimed damages.

By identifying only categories of evidence that Plaintiff seeks to exclude and by failing to specifically identify the evidence to be excluded, Plaintiff's motion is undeniably defective. Because Plaintiff fails to identify with sufficient specificity the criminal history he seeks to exclude and because Vandiver has shown the relevance of at least some of that criminal history, Plaintiff's motion should be denied.

## 2.   PLAINTIFF'S MOTION TO EXCLUDE HIS CRIMINAL HISTORY LACKS THE REQUISITE SPECIFICITY AND SHOULD BE DENIED

In Plaintiff's motion in limine #1, Plaintiff identifies *categories* of evidence that he seeks to exclude; however, he does not identify this evidence with the necessary specificity. Because Plaintiff has an extensive criminal history, his failure to identify this history and specify what he seeks to exclude as irrelevant or prejudicial is fatal to his motion.

As a general matter, a motion in limine must specifically define the evidence it is seeking to exclude. *See United States v. Cline*, 188 F. Supp. 2d 1287, 1291-92 (D. Kan. 2002), aff'd 349 F.3d 1276 (10th Cir. 2003) (motions in limine that do not clearly specify the evidence the party is seeking to exclude should be denied). When a motion in limine "lacks the necessary specificity with respect to the evidence to be excluded or the purported reason for the introduction of such evidence," it should be denied. *National Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996); *see also Cline*, 188 F.Supp.2d at 1292.

///

3

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

Motions in limine that seek exclusion of broad and unspecific categories of evidence are disfavored. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). On such topics, a court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

Here, Plaintiff's motion in limine #1 does not identify any specific evidence that he seeks to exclude at trial. For example, he seeks to exclude all contacts with law enforcement, including arrests, convictions, periods of parole, probation, and incarceration, that occurred prior to the July 7, 2006 incident. He does not identify any specific evidence that would fall within this very broad category. He seeks to exclude all evidence that went into his sentencing but does not identify the specific evidence he seeks to exclude. He asks this Court to exclude "probation report(s)" but does not identify these probation reports. He asks this Court to exclude the "details" of the theft of the stove and other items that led to his arrest and conviction but does not state what details he seeks to exclude.

Plaintiff's request to this Court to exclude, in essence, his entire criminal history, including the evidence relating to his arrest, conviction and sentencing, is too vague. How can this Court exclude evidence when it does not even know what to exclude? It cannot be determined from Plaintiff's description of categories of documents or evidence what exactly he seeks to exclude so that no determination can be made as to its admissibility or inadmissibility. This is important because not all criminal history is irrelevant or unduly prejudicial. As such, Plaintiff's motion should be denied in its entirety.

3.    **EVIDENCE OR ARGUMENTS RELATING TO PLAINTIFF'S CRIMINAL HISTORY IS RELEVANT AND NOT UNDULY PREJUDICIAL**

Plaintiff's argument as to why his criminal history should be excluded from this trial is that his criminal background lacks relevance to the subject matter of this

1736887.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

litigation and any probative value which may exist is substantially outweighed by the danger of undue prejudice, confusing the issues, misleading the jury or an undue consumption of time and that it constitutes improper character evidence. Motion, 4:24-5:5. Although evidence that Plaintiff was previously arrested or that he has a criminal history cannot be offered for the purpose of establishing that Plaintiff was prone to act criminally on the day of the incident, such evidence is admissible on other issues such as damages and credibility.

Federal Rule of Evidence 401 provides that relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Adams v. Ameritech Services, Inc.*, 231 F.3d 414, 425 (7th Cir. 2000).

Evidence of prior bad acts is admissible under Federal Rule of Evidence 404(b) if it is offered for some relevant purpose, other than character. Fed. R. Evid. § 404(b); *see also United States v. Quinn*, 18 F.3d 1461, 1466 (9th Cir. 1994). For example, prior bad acts by plaintiffs are relevant to contested damages issues. *See Udemba v. Nicoli*, 237 F.3d 8, 15 (1st Cir. 2001); and *Halvorsen v. Baird*, 146 F.3d 680, 686 (9th Cir. 1998).

In *Udemba*, an arrestee brought a section 1983 action asserting false arrest and excessive force. The plaintiff objected to evidence of his subsequent arrest as inadmissible character evidence under Rule 404(b). The arrestee testified on direct examination that his false arrest caused humiliation and mental anguish. The subsequent arrest was admissible to assist the jury in determining the extent of damages suffered for mental anguish and emotional distress. 237 F.3d at 15.

> If a person's damages are "I was extremely upset by the event," then evidence of similar events before and after the one at issue may support an inference that part or all of the distress was attributable to the other events.

*Halvorsen*, 146 F.3d at 686.

1736887.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1    Further, evidence of "prior bad acts" may be admissible under Rule 404(b) if it

2    sheds light on the reasons for a person's conduct, including motive, bias, opportunity,

3    intent, preparation, plan, knowledge, identity, absence of mistake or accident. See Fed.

4    R. Evid. § 404(b); *see also Boyd v. City and County of San Francisco*, 576 F3d 938,

5    944 (9th Cir. 2009). Evidence may be admissible, even if unknown to the officers, if it

6    tends to explain behavior or corroborate testimony that an individual behaved in a

7    particular manner. *Boyd* at 944 ("In a case such as this, where what the officer

8    perceived just prior to the use of force is in dispute, evidence that may support one

9    version of events over the other is relevant and admissible.").

10    Moreover, evidence that is unfavorable does not mean it is prejudicial. "The

11    decision to admit potentially prejudicial evidence under Rule 403 is "'committed to

12    the sound discretion of the trial court."' Proof that evidence was prejudicial to one

13    party is insufficient to establish that the prejudice was unfair, or that the trial court

14    abused its discretion in weighing that prejudice against the evidence's probative

15    value." *Boyd*, 576 F.3d at 948.

16    In his motion, Plaintiff describes his case as follows:

17    Plaintiff contends that as a result of Morrison's destruction of initial

18    California Highway Patrol ("CHP") traffic reports containing exculpatory

19    evidence and Morrison's fabrication of false CHP traffic reports, as well

20    as Vandiver's and Morrison's failures to disclose this exculpatory

21    information as required by Brady and their own law enforcement

22    training, Plaintiff was wrongfully charged with and convicted of felony

23    murder. Plaintiff contends that as a result of Defendants' violations,

24    Wilkins was incarcerated for approximately thirteen years for what

25    ultimately became an involuntary manslaughter conviction carrying a

26    maximum sentence of four years.

27    Motion, 5:17-27.

28    ///

Plaintiff seeks to establish that he was "wrongfully charged with and convicted of felony murder" *solely* as a result of Defendant Morrison's alteration of a traffic collision report and Defendants Morrison's and Vandiver's purported failure to disclose *Brady* evidence by asking to exclude all other bases for the charges brought against him. To show that Morrison and Vandiver were *solely* responsible for the events in this case, Plaintiff seeks to keep from the civil jury all evidence that contributed to the district attorney's decision to charge Plaintiff with felony murder, including his extensive criminal history and his criminal acts that led to the multiple crashes on the freeway and the death of one individual. Plaintiff also seeks to solely blame Morrison and Vandiver for the sentences that were imposed on by, again, keeping out evidence of his prior criminal history and all evidence that was presented to the judge prior to sentencing being imposed.

Plaintiff's prior criminal history, the evidence regarding the events leading up the stolen stove falling off Plaintiff's truck and onto the freeway, as well as the evidence presented prior to sentencing is all relevant to the issues of Defendants Morrison's and Vandiver's liability and the extent of Plaintiff's damages. This is evidence that went into the determination of what charges to bring against Plaintiff and what sentences to be imposed on him after he was convicted. Instead, Plaintiff wants to scrub this civil trial clean of all such relevant evidence so that he can lay 100% of the responsibility for his conviction and sentences at the feet of these two remaining Defendants.

The evidence Plaintiff seeks to exclude is relevant to the issues raised in this matter. Plaintiff's motion in limine #1, therefore, should be denied.

## 4.   PLAINTIFF HAS FAILED TO SHOW HOW FEDERAL RULE OF EVIDENCE 404 PROVIDES AN INADEQUATE FILTER

Plaintiff has failed to provide evidence about the dates or nature of any criminal convictions or prosecutions or other matters that he seeks to exclude. Without such evidence, the Court cannot evaluate whether they pertain to issues of truthfulness or

1736887.1

whether they are recent or stale. Plaintiff bears the burden to show that he will suffer undue prejudice if Vandiver abides by Federal Rule of Evidence 404. Plaintiff has provided no such evidence.

Vandiver should not be precluded from presentation of relevant evidence or legitimate areas of cross-examination based on Plaintiff's inadequate motion in limine. Vandiver should be permitted to introduce any evidence of prior bad acts by Plaintiff as allowed by the Federal Rules of Evidence.

**5.    CONCLUSION**

Plaintiff's motion in limine is defectively overbroad. As discussed above, he identifies categories of evidence he seeks to exclude but does not lay out any specific evidence. From the categories' descriptions, it appears that much of the evidence Plaintiff seeks to exclude would be relevant, including:

1. Contacts with law enforcement, arrests, convictions, periods of parole, probation and incarceration prior to July 7, 2006. This information would have been considered when Plaintiff was sentenced. It would be relevant to the issue of damages.

2. Details regarding Plaintiff's theft of the stove and other appliances. This information is the crux of this case. While Plaintiff concedes some of this is relevant, he does not identify where he is drawing the line in the sand between relevance and irrelevant or relevant but too prejudicial.

3. Plaintiff's probation reports. It is unclear what information Plaintiff is to exclude.

4. Transcripts/reports pertaining to sentencing proceedings, including victim impact statements. Again, Plaintiff fails to specify what he is seeking to exclude. Also, this information would be relevant to the sentences that were imposed on Plaintiff. He is claiming that he served nine more years than he should have. Information regarding the lengths of the sentences and why the Court determined the sentences were appropriate all would be relevant both to

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1736887.1

liability and damages.

5. Misconduct, such as fights while incarcerated, would be relevant to damages. It is anticipated that Plaintiff will testify at trial about how horrible prison was and that he served nine more years than he should have; thus, his misconduct in prison would be relevant.

6. Plaintiff's deposition testimony about how his incarceration gave him violent tendencies is relevant for the same reasons discussed in number 5, above.

7. Bad acts committed by Plaintiff subsequent to his release in 2020 are not specified and it is unknown what acts Plaintiff seeks to exclude. Without that information, relevance or prejudice cannot be determined.

Accordingly, based upon the above, Vandiver requests that Plaintiff's motion in limine #1 be denied in its entirety.

DATED: December 9, 2022          WOODRUFF, SPRADLIN & SMART, APC


By: */s/ Jeanne L. Tollison*
    DANIEL K. SPRADLIN
    JEANNE L. TOLLISON
    Attorneys    for    Defendant    WESLEY
    VANDIVER, as an employee of the County of
    Orange, a public entity

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

9

1736887.1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On December 9, 2022, I served the foregoing document(s) described as: **DEFENDANT WESLEY VANDIVER'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE PLAINTIFF'S CRIMINAL HISTORY**

☐    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐    **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒    **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐    **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐    **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

☒    (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on December 9, 2022 at Costa Mesa, California.

*/s/ Diane Castillo*
Diane Castillo

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1736887.1

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

## **COLE WILKINS, et al. v. COUNTY OF ORANGE, et al.**

### **USDC, CENTRAL DISTRICT OF CALIFORNIA**
### **CASE NO.:  8:20-cv-02417-JLS (DFMx)**

### **ASSIGNED FOR ALL PURPOSES TO**
### **HONORABLE JOSEPHINE L. STATON**
### **COURTROOM 8A**

### **SERVICE LIST**

LAW OFFICES OF DALE K. GALIPO          Attorneys for Plaintiff
Dale K. Galipo, Esq.                            **COLE WILKINS**
Renee V. Masongsong, Esq.
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118
Email:  dalekgalipo@yahoo.com
        rvalentine@galipolaw.com

Donna M. Dean, Esq.                           Attorneys for Defendant
Haiyang Allen Li, Esq.                          **JOSEPH MORRISON**
CAAG – Office of Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA  90013-1230
Telephone: (213) 269-6606 / (213) 269-6509
Facsimile: (916) 731-2120
Email:  donna.dean@doj.ca.gov
        allen.li@doj.ca.gov

1736887.1